**Larry RAY, individually and as Administrator of the Estate of Estelle Ray, and as next friend of Christina Jean Ray and Temple Larry Ray, Minor Children, Appellant,**

**v.**

**James Shelby FARRIS, James W. Farris, individually and d/b/a Williams Ranch, and Mrs. James W. Farris, individually and d/b/a Williams Ranch, Appellees.**

No. 06–93–00105–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 13, 1994.

Decided Sept. 23, 1994.

Rehearing Overruled Oct. 25, 1994.

Michael D. Mosher, David C. Read, Paris, for appellant.

Charles Connolly, Merriman, Patterson & Allison, Longview, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

This is an appeal of the judgment of the trial court finding the defendant not negligent and denying the plaintiff's motion for new trial. The appellant brings six points of error: (1) the trial court erred in transferring venue to Lamar County; (2) the trial court erred in entering judgment on the jury's finding that defendant was not negligent, as negligence was proved as a matter of law; (3) the trial court erred in denying plaintiff's motion for new trial, as the jury's finding was against the great weight and preponderance of the evidence; (4) the trial court erred in denying plaintiff's motion for new trial, as the jury's finding that Estelle Ray was negligent was supported by no evidence, or in the alternative, factually insufficient evidence; and, (5) it was error for the trial court to include an instruction on public intoxication in the jury charge.

James Shelby Farris was driving on a farm-to-market road in Lamar County at around 2:00 a.m. on July 2, 1988. Estelle Ray was lying on this same road with a blood alcohol level of .14 percent. The evidence does not show the circumstances by which she came to this perilous location.

Soon after cresting a hill, Farris saw what he believed to be a sack or garbage in the road. He removed his foot from the accelerator, but did not apply the brake. Just before reaching the object, he recognized that it was a person, but he had no time to avoid hitting Estelle Ray. She was struck by Farris's truck, and as a result, died one month later in Dallas County.

Larry Ray, Estelle Ray's husband, brought suit for wrongful death on behalf of himself and Estelle Ray's children. The suit was brought in Dallas County, the location of Estelle Ray's death. Farris's motion to

transfer venue to Lamar County, the site of the accident, was granted. The jury did not find Farris to have been negligent, but found Estelle Ray to have been negligent. Judgment was entered in favor of Farris. Ray now appeals.

Ray's first point of error is that the trial court erred in transferring venue to Lamar County, as venue was proper in Dallas County. Texas courts are only allowed to transfer venue if the county in which the action is pending is not a proper county. TEX.CIV. PRAC. & REM.CODE ANN. § 15.063 (Vernon 1986). If transfer of venue was improper, the case must be reversed. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986).

■ Farris first contends that a letter to Judge Braswell was an agreed transfer of venue. Thus, Ray had agreed to venue in Lamar County and was estopped from complaining of this venue. Ray contends that this agreement was entered after the case was ordered transferred to Lamar County and was only an agreement to select a specific judge in Lamar County.

Texas courts may transfer venue in accordance with a written consent of the parties. TEX.CIV.PRAC. & REM.CODE ANN. § 15.063(3). Upon the written consent of the parties filed with the papers of the cause, the court, by an order entered on the minutes, may transfer the same for trial to the court of any other county having jurisdiction of the subject matter of such suit. TEX.R.CIV.P. 255.

This letter does not meet the requirements of change of venue by consent. The letter was written March 30, 1990; the case was ordered transferred to Lamar County by the Dallas County judge December 13, 1989, three months earlier. This was not filed with the Dallas County judge; rather, it was filed in the county to which the case was transferred. At best this letter is an agreement between the parties for a specific judge. Ray did not waive his right to complain about venue.

The Supreme Court recently resolved a conflict in the appellate courts, finding that it is reversible error to transfer venue even if the county of transfer would have been proper if originally chosen by the plaintiff. *Wilson v. Texas Parks & Wildlife Dept.*, 886 S.W.2d 259 (Tex.1994). Therefore, we must decide whether venue was proper in Dallas County.

■ In determining whether the trial court improperly transferred a case to another county under Rules 86 and 87 of the Texas Rules of Civil Procedure, the reviewing court must consider the entire record, including the trial on the merits. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex.1993).

■ According to Texas law, lawsuits shall be brought in a county in which "all or part of the cause of action accrued." TEX.CIV. PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986). The new venue statute favors the plaintiff's right to maintain venue in the county in which the action was brought. *Tenneco, Inc. v. Sayler*, 739 S.W.2d 448 (Tex. App.–Corpus Christi 1987, no writ). A cause of action embraces every fact necessary to be shown in order to recover. *Commercial State Bank v. Algeo*, 331 S.W.2d 84 (Tex.Civ. App.–Eastland 1959, writ dism'd). Therefore, every essential fact or element of a cause of action should be identified in order to determine the county or counties where all or part of the cause of action accrued. *See* WILLIAM V. DORSANEO & DAVID CRUMP, 3 TEXAS LITIGATION GUIDE § 61.01[2][a] (1994).

■ A wrongful death cause of action arises "from an injury that causes an individual's death." TEX.CIV.PRAC. & REM.CODE ANN. § 71.002 (Vernon 1986). Until an injured person dies, all of the cause of action for wrongful death has not accrued. Thus, a part of the cause of action accrues at the time of death.[1]

■ Having found that venue would have been proper in Dallas County, we find that the trial court erred in transferring the case. Because of our disposition of this point of

---

1. Ray cites *Missouri–Kansas–Texas R. Co. v. Hamilton*, contending that a cause of action accrues at the place of death. 314 S.W.2d 114, 117 (Tex.Civ.App.—Dallas 1958, writ ref'd n.r.e.). However, the statute and the case both concern themselves with the *time* a cause of action accrues, not the *place* that a cause of action accrues.

error, we do not reach the remaining points of error.

The judgment of the trial court is reversed, and the case is remanded to the trial court to be transferred to Dallas County.