James Shelby FARRIS, James W. Farris,
Individually and d/b/a Williams Ranch,
and Mrs. James W. Farris, Individually
and d/b/a Williams Ranch, Petitioners,

v.

Larry RAY, Individually and as
Administrator of the Estate of
Estelle Ray, Respondent.

No. 94–1302.

Supreme Court of Texas.

March 2, 1995.

Rehearing Overruled April 20, 1995.

Janie E. James, D. Bradley Dickinson, Robert B. Gilbreath, Dallas, for petitioners.

David C. Read, Michael D. Mosher, Paris, for respondent.

PER CURIAM.

■ In this case we must decide whether transfer of venue may be challenged on appeal when there is a signed, written agreement manifesting consent to the transfer filed in the record of the transferee court. Because we hold that an enforceable Rule 11 agreement consenting to transfer of venue amounts to an express waiver of the venue issue, a majority of the court grants petitioners' application for writ of error, and, pursuant to Tex.R.App.P. 170, without hearing oral argument, we reverse the judgment of the court of appeals and remand the case to that court for consideration of respondent's remaining points of error.

Estelle Ray was injured when she was run over by James Shelby Farris at 2:00 a.m. on July 2, 1988. At the time of the accident, she was passed out in the middle of a farm to market road with a blood alcohol level of .14 percent. She was initially hospitalized in Lamar County, but was later moved to Dallas County where she eventually died of her injuries.

■ A wrongful death suit was filed in Dallas county. The defendants moved to transfer venue to Lamar County, arguing that the plaintiff's cause of action did not accrue in Dallas County. The defendants' motion to transfer venue was granted; however, before the case was *actually* transferred to Lamar County, the parties sent a letter to Judge Braswell in Lamar County. It reads, in relevant part:

The undersigned counsel are counsel for both the plaintiffs and the defendants in the above-referenced case which is pending in the 134th District Court in Dallas County. **The parties entered into an agreement to transfer this cause to Lamar County.** Due to the friendship between the Honorable Judge Thompson and one of the defendants in this cause, ... and in order to avoid having Judge Thompson put in the position of possibly having to recuse himself, the parties have requested Judge Anne Packer of the 134th District Court to transfer this directly to your Court in Lamar County....

(emphasis ours). The letter was signed by attorneys for both sides. It was filed in the *Lamar County* record *after* the transfer was accomplished.

The respondent argues and the court of appeals found that the letter was merely an agreement to use a particular judge in Lamar County, not an agreement to transfer venue. We disagree. Such a conclusion is belied by the unambiguous language of the letter that "the parties entered into an agreement to transfer this cause to Lamar County." If the parties did not intend this meaning, they should not have used these words.

■ The respondent next argues that before a court may properly transfer by agreement, the rules of civil procedure and the Civil Practice and Remedies Code require the written consent of the parties to be filed in the record of the transferring court. Though we concede this to be the meaning of the rules, a signed written agreement filed in the record of the *transferee* court meets all the requirements of Tex.R.Civ.P. 11. Such an agreement, enforceable against the signatories under the terms of the rule, operates as an express waiver of any error there may have been in the initial transfer.

Because we hold that an enforceable Rule 11 agreement consenting to transfer of venue amounts to an express waiver of the venue issue, a majority of the court grants petitioners' application for writ of error, and, pursuant to Tex.R.App.P. 170, without hearing oral argument, we reverse the judgment of the court of appeals and remand the case to that court for the consideration of respondent's remaining points of error.