**Larry RAY, Individually and as Administrator of the Estate of Estelle Ray, and as Next Friend of Christina Jean Ray and Temple Larry Ray Minor Children, Appellant,**

v.

**James Shelby FARRIS, James W. Farris, Individually and d/b/a Williams Ranch, and Mrs. James W. Farris, Individually and d/b/a Williams Ranch, Appellee.**

No. 06–93–00105–CV.

Court of Appeals of Texas, Texarkana.

June 16, 1995.

Rehearing Overruled Aug. 1, 1995.

Michael D. Mosher, David C. Read, Paris, for appellant.

D. Bradley Dickinson, Vial, Hamilton, Koch, Knox, Dallas, Charles Connolly, Merriman, Patterson & Allison, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

The Texas Supreme Court, having found we committed an error in determining the trial court had erred in transferring venue to Lamar County, has now remanded the case to this Court for review of the remaining points of error. *Farris v. Ray,* 895 S.W.2d 351 (Tex.1995). The facts in the case were set forth in our original opinion in 887 S.W.2d 164.

The remaining five points made by the appellant are as follows: (1) that the trial court erred in entering judgment on the jury finding that the defendant was not negligent, because negligence was proved as a matter of law; (2) that the trial court erred in denying the plaintiff's motion for new trial, because

the jury finding was against the great weight and preponderance of the evidence; (3) that the trial court erred in denying the plaintiff's motion for new trial because the jury's finding that Estelle Ray was negligent was supported by no evidence; (4) or in the alternative, that the evidence was factually insufficient; and, (5) that the trial court erred in including an instruction on public intoxication in the jury charge.

■ The first remaining point of error Ray advances is the trial court erred in entering a judgment that the defendant was not negligent and contends that the negligence of the defendant had been proved as a matter of law. When an appellant attacks the legal sufficiency of an adverse finding to an issue on which the appellant had the burden of proof, the appellant must demonstrate that the evidence conclusively established all vital facts in support of the issue. *Ritchey v. Crawford*, 734 S.W.2d 85, 86 (Tex. App.—Houston [1st Dist.] 1987, no writ). In reviewing a "matter of law" point the court must first examine the record for any evidence *that supports the finding, ignoring all* evidence to the contrary. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). If no evidence supports the finding, the reviewing court then looks to the entire record to determine if the contrary proposition is established as a matter of law. *Id.*

■ Ray argues that, based on three theories, negligence per se was proven at trial as a matter of law. To establish negligence per se, the plaintiff must prove a violation of a penal standard, which is unexcused. *Southern Pacific Co. v. Castro*, 493 S.W.2d 491 (Tex.1973).

■ Ray first points out that, by statute, a truck's lights must illuminate objects in the road at a safe distance. TEX.REV.CIV.STAT. ANN. art. 6701d, § 127 (Vernon 1977). Ray contends violation of this statute by Farris was proven as a matter of law. Farris testified the lights worked properly on the truck he was driving. He further testified it was his understanding the truck met all legal requirements. Hal Fitzpatrick, an accident reconstruction expert, testified the object was illuminated from 450 feet. Gary Nelson,

a structural engineer, testified in his opinion the headlights complied with the statute. After reviewing all the evidence supporting the finding, we do not find the evidence conclusively established a violation of the statute concerning the truck lights.

■ A driver must exercise due care when observing anyone on a roadway. TEX.REV. CIV.STAT.ANN. art. 6701d, § 79 (Vernon 1977). Ray's next contention is that a violation of this statute was proven as a matter of law. The record reflects that Farris did not recognize the object as a person, but rather thought it was debris typically encountered on that roadway. Farris testified he only identified the object as a person just before, perhaps a second before, striking her and he had no time to react. Finally, Officer John Williams, a Texas state trooper who examined the scene of the accident, testified Farris could not have driven around Estelle Ray. After reviewing all the evidence which supports the finding, we do not find the evidence conclusively established a violation of the statute concerning due care.

■ Ray next contends a driver must reduce speed on a narrow or winding road, citing TEX.REV.CIV.STAT.ANN. art. 6701d, § 166(c) (Vernon 1977). Ray contends violation of this statute by Farris was proven as a matter of law. Farris testified that upon cresting the hill he reduced his speed by removing his foot from the accelerator and continued to reduce his speed until after striking Ray. Officer Williams also stated he reported at the time of the accident, and still felt, that Farris's conduct did not contribute to the accident. Fitzpatrick, an accident reconstruction expert, testified that on that road, at 2:30 in the morning, fifty-five miles per hour was an appropriate speed. He further stated that narrowness was not a factor and did not require any reduction of speed. After reviewing all the evidence supporting the finding, we do not find that the evidence conclusively established a violation of the statute.

On all three theories advanced, the record presents evidence in support of the jury's finding. Thus, Ray's arguments for negligence per se fail. The trial court did not err

in entering judgment on the jury finding that the defendant was not negligent in the speed he was traveling. This point of error is overruled.

In the alternative, Ray brings his second point of error: that the trial court erred in denying his motion for new trial as the jury's failure to find that Farris was negligent was against the great weight and preponderance of the evidence.

■ When the attack is on the factual sufficiency of the evidence, the court must review all the evidence. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex. 1989). Having done so, the appellate court should set aside the verdict only if the evidence is so weak or the finding so against the great weight of the evidence that it is clearly wrong and unjust. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). The appellate court may not substitute its opinion for that of the trier of fact merely because we might have reached a different conclusion. *Thompson v. Wooten,* 650 S.W.2d 499, 501 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

■ We first examine the record for evidence showing Farris was negligent. Pictures of the scene were presented to show the road was smooth, and testimony showed it was a clear night and the road was dry. Charles R. Ruble, an accident reconstruction expert, testified Farris was driving fifty miles an hour and could have stopped up to 150 feet away from Ray. Farris himself testified that on the night of the accident he never hit his brakes or attempted to drive around Ray.

In contrast, the record also contains ample evidence in support of the jury's finding that Farris acted as a reasonably prudent person. The policeman who investigated the accident, Officer Williams of the Department of Public Safety, testified in his opinion Farris could not have driven around Ray. Nelson, who holds a Ph.D. in engineering, opined that Farris neither froze nor reacted perfectly, but that his reaction was average. Also, the jury heard the testimony of Farris, who testified he saw the object in the road and thought it to be typical road debris.

In reviewing all the evidence, we find the evidence is not so weak nor is the finding so against the great weight and preponderance of the evidence that it was clearly wrong and unjust. This point of error is overruled.

Because the foregoing rulings are dispositive of the case, we do not address the remaining points of error.

The judgment of the trial court is affirmed.