Rutilio Ignacio VELASCO, Individually and a/n/f Josue Velasco, A Minor, Erick Velasco, A Minor, and Steven Velasco, A Minor, and as Representative of The Estate of Gloria Oviedo Velasco, Appellant

v.

TEXAS KENWORTH COMPANY, Texas Kenworth Company d/b/a MHC Kenworth–Dallas, Texas Kenworth Company d/b/a MHC Kenworth–Fort Worth, Texas Kenworth Company d/b/a Texas Kenworth Co. Dallas, Texas Kenworth Company d/b/a Texas Kenworth Co. Fort Worth, Texas Kenworth Corporation and Mark Sims, Appellees.

No. 05–03–01160–CV.

Court of Appeals of Texas, Dallas.

Aug. 17, 2004.

Rehearing Overruled Sept. 30, 2004.

M. Kevin Queenan, Queenan Law Firm, P.C., DeSoto, for Appellant.

James L. Williams, Williams, Peters & Parmelee, P.C., and Carolyn Mitchell, Law Office of Carolyn Mitchel, Fort Worth, for Appellee.

Before Justices MORRIS and WHITTINGTON.[1]

## OPINION

Opinion by Justice MORRIS.

In this wrongful death case, appellant Rutilio Ignacio Velasco, individually and as next friend to Josue Velasco, a minor, Erick Velasco, a minor, and Steven Velasco, a minor, and as Representative of the Estate of Gloria Oviedo Velasco, appeals the trial court's final judgment dismissing his claims with prejudice. On appeal, appellant makes three general arguments: first, he asserts his case was improperly transferred from Johnson County to Dallas County; second, he claims the Johnson County trial court erred in granting summary judgment to appellee Mark Sims; and third, he contends the Dallas County trial court erred in denying his motion for a continuance and granting summary judgment to appellees Texas Kenworth Company, Texas Kenworth Company d/b/a MHC Kenworth–Dallas, Texas Kenworth Company d/b/a MHC Kenworth–Fort Worth, Texas Kenworth Company d/b/a Texas Kenworth Co. Dallas, Texas Kenworth Company d/b/a Texas Kenworth Co. Fort Worth and Texas Kenworth Corporation. Because we conclude appellant's case was transferred to Dallas County in error, we vacate the Dallas County trial court's final summary judgment and remand the case

to that court for transfer back to the trial court in Johnson County.

Appellant filed this lawsuit after his wife died in a multi-vehicle collision in Johnson County, Texas. In his petition, appellant alleged that a used Kenworth semi-tractor purchased by Johnson County from the Kenworth appellees shortly before the accident had faulty brakes and was a proximate cause of the collision. Appellant asserted claims for negligence, strict liability, breach of warranty, and misrepresentation.[2] Kenworth filed an answer denying each allegation in appellant's petition and filed a motion to transfer the case from Johnson County to Dallas County. Appellant amended his petition to include Mark Sims as defendant. Appellant asserted venue was proper in Johnson County because it is the location where a substantial part of the events or omissions giving rise to his claims occurred and because appellee Mark Sims resided in Johnson County. Sims moved for and was granted summary judgment. The trial court then granted Kenworth's motion to transfer appellant's lawsuit to Dallas County. In Dallas, Kenworth filed a traditional and a no-evidence motion for summary judgment. The trial court granted summary judgment in Kenworth's favor and rendered a final judgment incorporating all of the previous interlocutory orders. It is from this judgment that appellant appeals.

In his first point of error, appellant complains about the trial court's order transferring his lawsuit from Johnson

1. The Honorable Tom James, Retired, Court of Appeals, Fifth District of Texas at Dallas, was a member of the panel at the time this case was argued and submitted for decision. Due to his retirement from the Court, Justice James did not participate in the issuance of this opinion. *See* Tex.R.App. P. 41.1(a) & (b).

2. Appellant also asserted claims against the previous owners of the vehicle, Unimin Corporation and Unimin Texas Company, L.P. The Unimin defendants were granted summary judgment by the Johnson County trial court.

County to Dallas County.[3] Texas venue law is well-established. The plaintiff has the first choice to fix venue in a proper county. *See Wilson v. Texas Parks & Wildlife Dept.,* 886 S.W.2d 259, 261 (Tex. 1994). It is reversible error to transfer venue from a proper venue even if the county of transfer would have been proper if originally chosen by the plaintiff. *See id.* at 262. To determine whether a trial court improperly transferred the case, we must consider the entire record, including any trial on the merits. *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 758 (Tex.1993). If there is any probative evidence that supports venue in the county of suit, the trial court must deny the transfer. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 471 (Tex.1995). This is true even if the evidence preponderates to the contrary. *Id.*

■ In the case before us, appellant relies on section 15.002(a)(1) of the Texas Civil Practices and Remedies Code to establish venue in Johnson County. This section provides that venue is proper in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred." TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a)(1) (Vernon 2002). This provision limits the number of counties where venue can be maintained to those with a substantial connection with the lawsuit. *Chiriboga v. State Farm Mut. Auto. Ins. Co.,* 96 S.W.3d 673, 681 (Tex.App.-Austin 2003, no pet.). Appellant's factual basis for maintaining venue in Johnson County is that Johnson County is where the accident occurred, where appellant's wife died, where the bid for the semi-tractor was submitted and opened by Johnson County representatives, and

where Sims talked to Johnson County representatives about the semi-tractor. Thus, appellant contends, Johnson County became the site for a substantial part of the facts giving rise to his claims. We agree.

Appellant's wrongful death claim arose when his wife died in the accident in Johnson County. *See Ray v. Farris,* 887 S.W.2d 164, 166 (Tex.App.-Texarkana 1994, *rev'd on other grounds,* 895 S.W.2d 351 (Tex.1995)). Additionally, appellant's petition complains about the failure of Kenworth to inform or warn Johnson County about the dangerous condition of the semi-tractor, the breach of various warranties contained in the bid proposal, and misrepresentations made to Johnson County with respect to the character or quality of the semi-tractor. Appellant complains that these omissions or acts occurred at the time the bid was delivered to Johnson County representatives in Johnson County. Because a substantial number of the essential facts upon which appellant's claims are based occurred in Johnson County, we conclude venue was proper in Johnson County.

Conceding that there is no dispute that appellant's claim arose when the accident occurred in Johnson County, Kenworth argues that for purposes of a venue analysis under subsection (a)(1), we must focus solely on the defendant's action or inaction giving rise to appellant's claims. Specifically, Kenworth asserts that because appellant's petition alleges that it failed to properly repair, service, or inspect the brakes on the semi-tractor, Tarrant County is the proper venue under subsection (a)(1) because that is where these alleged acts or omissions occurred.[4] Initially, we

---

**3.** In addition to opposing the trial court's transfer order on the merits, appellant also claims that Kenworth waived the venue issue by "waiting almost a year to seek a hearing on its motion." Because appellant has provided no argument or authority to support this contention, appellant does not present the issue for review. *See* TEX.R.APP. P. 38.1(h).

**4.** Although Kenworth argued in the trial court that the appropriate venue under subsection

note that there is no indication that the present venue statute contemplates only one county can satisfy the requirements of subsection (a)(1). Indeed at least one appellate court has concluded more than one county may qualify as proper venue under subsection (a)(1) provided a "substantial part of the event or omissions" giving rise to the claim occurred there. *See Southern County Mut. Ins. Co. v. Ochoa,* 19 S.W.3d 452, 458 (Tex.App.-Corpus Christi 2000). Therefore, to succeed on its motion to transfer, Kenworth had to establish that no substantial part of the events giving rise to appellant's claims occurred in Johnson County, not merely that a substantial part of the events or omissions occurred in another county. Kenworth has failed to do so. Even assuming that Tarrant County qualified as a county where a substantial part of the events or omissions giving rise to appellant's cause of action occurred, there was probative evidence that Johnson County also satisfied subsection (a)(1)'s requirements. Accordingly, the trial court erred in transferring the case from Johnson County.

Although our research has revealed no Texas case directly on point, we find support for our conclusion in several federal cases. Because subsection (a)(1) appears to have been patterned after a federal venue statute, we may presume the legislature intended to adopt the construction placed on that wording by the federal courts and look to federal cases to guide our interpretation of the state statute.[5] *See id* at 457. The ninth circuit has reasoned that because the harm a plaintiff experienced occurred in Nevada, venue was proper there as the location where a substantial part of the events and omission giving rise to the claim occurred. *See Myers v. Bennett Law Offices,* 238 F.3d 1068, 1075 (9th Cir.2001). In product liability cases against manufacturers, other courts have stated the accident or crash constituted a substantial part of the events giving rise to the claim such that venue is appropriate where the crash or accident occurred. *Cali v. E. Coast Aviation Serv., Ltd.,* 178 F.Supp.2d 276, 282 (E.D.N.Y. 2001) (venue proper where airplane crashed); *Roll v. Tracor, Inc.,* 26 F.Supp.2d 482, 485 (W.D.N.Y.1998) (venue proper where accident occurred); and *Dwyer v. Gen. Motors Corp.,* 853 F.Supp. 690, 692 (S.D.N.Y.1994). Contrary to Kenworth's position, federal courts have interpreted the subsection (a)(1)'s federal counterpart to allow venue in a district where acts or omissions closely related to the legal action occurred, even if none of those acts or omissions were the act or omission that allegedly caused the injury. *See e.g., Ciena Corp. v. Jarrard,* 203 F.3d 312, 315–16 (4th Cir.2000).

Because the accident, appellant's wife's death, and other events of which appellant complains occurred in Johnson County, we conclude that Johnson County has a close connection to this lawsuit and that the requirements of subsection (a)(1) have been satisfied. We therefore sustain appellant's first point of error. Because our determination on the venue question is dispositive, we do not address appellant's remaining points of error. *See* TEX.R.APP. P. 47.1.

We vacate the judgment of the trial court and remand this case to the trial

(a)(1) was Tarrant County, Kenworth requested the trial court to transfer the case to Dallas County under subsection (a)(3) because that is where its principal place of business is located.

5. The federal statute provides venue in a diversity action may be placed in "a judicial district in which a substantial part of the events or omission giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).

court for transfer to the Johnson County trial court for further proceedings consistent with this opinion.