Reversed & Remanded and Opinion filed May 21, 2009








Reversed &
Remanded and Opinion filed May
21, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00044-CV

____________

 

MOVEFORFREE.COM, INC., Appellant

 

V.

 

DAVID HETRICK, INC. D/B/A MARCOM, Appellee

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 2003-62941

 



 

O P I N I O N

Appellant Moveforfree.com, Inc. (AMFF@) appeals from the
trial court=s judgment entered after a jury trial and from an
order transferring venue from Bexar County to Harris County.  Because we find
that venue was proper in Bexar County, we reverse the trial court=s judgment and
remand with instructions to transfer this cause back to Bexar County for a new
trial.








BACKGROUND

MFF is a San Antonio-based company that offers apartment
location and moving services.  Appellee David Hetrick, Inc. d/b/a Marcom (AMarcom@) is a
Houston-based company that provides media placement and consulting services for
businesses purchasing radio and television airtime.  MFF originally started in
Houston (which is in Harris County) and later relocated to San Antonio (which
is in Bexar County).  MFF and Marcom entered into an oral agreement while MFF
was still in Houston for Marcom to provide services to secure radio
advertisements on stations in San Antonio, Dallas, and Houston.  This
relationship continued following MFF=s move to San Antonio,
after which the parties entered into a written agreement.  MFF eventually
became dissatisfied with Marcom=s services and sued Marcom in Bexar
County, alleging breach of contract, fraud, and violations of the Deceptive
Trade PracticesBConsumer Protection Act (ADTPA@).  Marcom
counterclaimed for unpaid services.  Marcom also filed a motion to transfer to venue
to Harris County, which the Bexar County trial court granted.

The case was tried before a jury in Harris County district
court, and the trial court disregarded some of the jury=s findings and
awarded MFF some damages but not the amount to which it claims it is entitled. 
The jury also found in favor of Marcom on its counterclaim.  On appeal, MFF
argues the Bexar County trial court erred in transferring venue and also
asserts several errors relating to the trial.

ANALYSIS

A.
Venue Transfer Law








In Texas, the plaintiff has the right to choose venue in
the first instance.  See Wilson v. Tex. Park & Wildlife Dep=t, 886 S.W.2d 259,
260B61 (Tex. 1994); Cantu
v. Howard S. Grossman, P.A., 251 S.W.3d 731, 735 (Tex. App.CHouston [14th
Dist.] 2008, pet. filed).  If the defendant challenges the plaintiff=s venue choice,
the plaintiff must present prima facie proof that venue is proper.  See Tex. R. Civ. P. 87(2)(B); Wilson,
886 S.W.2d at 260; Jaska v. Tex. Dep=t of Protective
& Regulatory Servs., 106 S.W.3d 907, 910 (Tex. App.CDallas 2003, no
pet.).  The trial court is to evaluate venue based on the pleadings and
affidavits.  See Tex. Civ. Prac.
& Rem. Code Ann.' 15.064(a) (Vernon 2002); Tex. R. Civ. P. 87(3).  If, based on
this information, the plaintiff has chosen a proper venue, the trial court must
maintain venue in the plaintiff=s chosen county unless a mandatory venue
provision applies or the defendant brings forth Aconclusive
evidence@ that Adestroy[s]@ the plaintiff=s prima facie
proof.  See Tex. R. Civ. P.
87(3)(C); KW Constr. v. Stephens & Sons Concrete Contractors, 165
S.W.3d 874, 880  (Tex. App.CTexarkana 2005, pet. denied); Rosales
v. H.E. Butt Grocery Co., 905 S.W.2d 745, 750 (Tex. App.CSan Antonio 1995,
writ denied).  Absent such circumstances, venue in any county other than the
plaintiff=s choice is improper as a matter of law.  See
Wilson, 886 S.W.2d at 261B62; Lynn Smith Chevrolet-Geo, Inc. v.
Tidwell, 161 S.W.3d 738, 742 (Tex. App.CFort Worth 2005,
no pet.).








On appeal of a venue determination, we review not only the
pleadings and affidavits but the entire record.  See Tex. Civ. Prac. & Rem. Code  Ann.' 15.064(b); Wilson,
886 S.W.2d at 261; Velasco v. Tex. Kenworth Co., 144 S.W.3d 632, 634 
(Tex. App.CDallas 2004, pet. denied).  We look for any probative
evidence to support the plaintiff=s choice of venue,
even if the evidence preponderates to the contrary.  Wilson, 886 S.W.2d
at 262; Velasco, 144 S.W.3d at 634.  If any probative evidence supports
the plaintiff=s choice, then transferring venue is reversible error,
mandating a new trial.  See Tex.
Civ. Prac. & Rem. Code Ann.' 15.064(b); Wilson,
886 S.W.2d at 262; Jaska, 106 S.W.3d at 910.  Marcom argues that we are
to review the record for any probative evidence to support the trial court=s venue decision
rather than the plaintiff=s choice of venue.  See, e.g., Ruiz
v. Conoco, Inc., 868 S.W.2d 752, 758 (Tex. 1993).  Such analysis is correct
when the trial court denies a motion to transfer venue because it gives proper
deference to the plaintiff=s venue choice.  See Jaska, 106
S.W.3d at 909B10; Garcia v. Garza, 70 S.W.3d 362, 371B72 (Tex. App.CCorpus Christi
2002), rev=d on other grounds, 137 S.W.3d 36
(Tex. 2004); see also Ruiz, 868 S.W.2d at 756B58.  However, to
apply that analysis when the trial court grants a venue transfer motion would
eviscerate the plaintiff=s right to choose among appropriate venue
options.  See Jaska, 106 S.W.3d at 909B10; Garcia,
70 S.W.3d at 371B72; see also Wilson, 886 S.W.2d at
261.  The ultimate goal in any venue transfer analysis is first to determine
whether the plaintiff=s choice was appropriate.  If so, that
choice must be upheld, even if the venue the defendant suggests would have also
been appropriate if chosen by the plaintiff.  Wilson, 886 S.W.2d at 261;
Velasco, 144 S.W.3d at 634.

The parties agree that no mandatory venue provision applies
and that venue in this case is governed by Civil Practice and Remedies Code
section 15.002(a)(1), which provides that venue is proper Ain the county in
which all or a substantial part of the events or omissions giving rise to the
claim occurred.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 15.002(a)(1)
(Vernon 2002).  In assessing venue under section 15.002(a)(1), we analyze
whether the evidence shows that the actions or omissions at issue are
materially connected to the cause of action.  See KW Constr., 165 S.W.3d
at 882; Chiriboga v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673, 680 
(Tex. App.CAustin 2003, no pet.).  More than one county can
constitute a county in which a substantial part of the events or omissions
giving rise to the claim occurred.  Velasco, 144 S.W.3d at 634B35; S. County
Mut. Ins. Co. v. Ochoa, 19 S.W.3d 452, 457B59  (Tex. App.CCorpus Christi
2000, no pet.).  Thus, our initial inquiry is whether the defendant challenging
venue under this provision proved there was no substantial connection between
the plaintiff=s claim and chosen county, not whether it proved a
substantial connection to the defendant=s alternative
choice.  See Velasco, 144 S.W.3d at 635.  In other words, if both
counties at issue would be appropriate venue choices, the plaintiff=s choice
controls.  See KW Constr., 165 S.W.3d at 879; Unauthorized Practice
of Law Comm. v. Nationwide Mut. Ins. Co., 155 S.W.3d 590, 596  (Tex. App.CSan Antonio 2004,
pet. denied).

B. 
Venue Was Proper in Bexar County








After reviewing the entire record, we conclude that the
trial court committed reversible error by transferring venue away from Bexar
County.  MFF presented testimony that its fraud, DTPA, and breach of contract
claims are based on alleged misrepresentations Marcom=s representatives
made to MFF, both in Houston and San Antonio, about the manner in which it
would provide advertising-related services and the type and number of ads that
would run on various radio stations, including stations in San Antonio.  MFF
also presented evidence that Marcom submitted proposed ad schedules to it in
San Antonio, which MFF approved in San Antonio, and that Marcom failed to
secure all the ads as proposed, including standard paid ads and additional free
or Ano charge@ ads.  These
actions, which occurred in San Antonio, are essential to MFF=s claims in this
lawsuit.  Thus, we conclude that the evidence of MFF, a San Antonio-based
company, suing over misrepresentations it received in San Antonio and a failure
to provide advertising services ordered from San Antonio, including ads that
were to run in San Antonio, is sufficient to support venue in Bexar County
under section 15.002(a)(1).  See Siemens Corp. v. Bartek, No.
03-04-00613-CV, 2006 WL 1126219, at *6B7 (Tex. App.CAustin Apr. 28,
2006, no pet.) (finding venue proper in county where party received
misrepresentations and where contract partially performed); KW Constr.,
165 S.W.3d at 882B83 (finding venue proper in county where
communications were received regarding scope of work to be performed under
contract); Karen Corp. v. Burlington N. & Santa Fe Ry., 107 S.W.3d
118, 127B28 (Tex. App.CFort Worth 2003,
pet. denied) (finding venue proper in county of party=s principal place
of business and where omitted actions would have been performed).








Marcom insists that venue was proper in Harris County, not
Bexar County.  It catalogues all links to Harris County and argues that Bexar
County venue is not proper because Harris County is the site of all essential
conduct regarding this litigation.  For example, it argues that the initial
contract was entered into in Harris County and that all of its actions or
omissions in failing to secure certain ads or monitoring the status of ad
orders occurred in Harris County.  Though it is possible that Harris County has
a more substantial connection to the litigation than Bexar County, that is not
the standard.  We determine only whether probative evidence supports the
plaintiff=s venue choice, even if another county would also have
been proper.  Wilson, 886 S.W.2d at 261; Velasco, 144 S.W.3d at
634.  Marcom has presented no conclusive evidence that would destroy MFF=s probative proof,
which shows a material connection between its claims and Bexar County, and
therefore venue is proper in Bexar County.

Because MFF=s choice of venue was proper, no other
venue was proper as a matter of law, and therefore, the trial court erred in
transferring venue to Harris County.  We reverse the trial court=s judgment and
remand with instructions for this cause to be returned to Bexar County for a
new trial.  Because we are remanding for a new trial, we need not address MFF=s other issues,
which all concern trial errors that may not recur on retrial.

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Panel consists of
Justices Yates and Guzman and Senior Justice Price.*

 

 

 

 

 

 

 

 

*Senior Justice
Frank C. Price, sitting by assignment.