In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00192-CV
_____

**LORI L. BROWN, JEFFREY B. MUSSLEWHITE,
BROWN AND MUSSLEWHITE LTD., LLP AND SYNDI N. LOCKETT,**
Appellants

**V.**

**HEALTH & MEDICAL PRACTICE ASSOCIATES, INC.
AND AMERICAN HORIZON FINANCIAL GROUP, LLP**
Appellees

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-192,976**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**MEMORANDUM OPINION**

This is an interlocutory, accelerated appeal from the trial court's ruling

denying the defendants' motions to transfer venue in a multi-plaintiff lawsuit.[1] *See*

---

[1] Lori L. Brown, Jeffrey B. Musslewhite, Brown & Musslewhite Ltd., LLP, and Syndi N. Lockett all filed a notice of appeal of the trial court's order. While Lockett perfected an appeal of the trial court's order, she did not file an appellant's

Tex. Civ. Prac. & Rem. Code Ann. § 15.003 (b) (West Supp. 2012). We affirm the trial court's order denying defendant's motion to transfer venue with respect to plaintiff Health & Medical Practice Associates, Inc. We reverse the trial court's order with respect to plaintiff-intervenor American Horizon Financial Group, LLP, and remand to the trial court with instructions to transfer its cause to Harris County, Texas.

## I. Factual and Procedural Background

Health & Medical Practice Associates, Inc. (H&M) filed suit in Jefferson County against Michael Nacol, Individually and d/b/a Nacol Law Firm and d/b/a The Law Offices of Michael Nacol (Nacol). American Horizon Financial Group, LLP (American Horizon) intervened in the lawsuit as a plaintiff against Nacol, and added Syndi N. Lockett (Lockett) as a defendant. H&M and American Horizon eventually added Lori L. Brown, Jeffrey B. Musslewhite, and Brown & Musslewhite, Ltd., LLP as defendants to the lawsuit.

---

brief. The Court notified Lockett of her failure to file a brief. We received no response from Lockett. Although we have authority to dismiss the appeal under these circumstances, we decline to do so in this case. *See* Tex. R. App. P. 38.8(a)(2) (giving appellate courts discretion to decline to dismiss an appeal in which no brief has been filed). However, Brown, Musslewhite, and Brown & Musslewhite did file an appellant brief, and many of the arguments they make can be applied to Lockett's appeal. *See* Tex. R. App. P. 38.9 (briefing rules to be construed liberally).

Defendant Nacol failed to file an answer and the trial court found that Nacol defaulted, that Nacol failed to pay monies owed to H&M under the letters of protection, and that H&M suffered damages because of his failure to pay. The trial court then severed H&M's claims against Nacol into a separate cause of action.

The record indicates that Nacol's law firm represented various clients in personal injury cases. Nacol's law firm allegedly entered into agreements with different medical providers for the firm's clients to receive medical care, and in exchange, the medical providers received a contractual lien on any proceeds Nacol's law firm recovered for its clients' personal injury claims. That is, Nacol agreed to pay the medical providers for their services directly out of the proceeds received from their clients' claims.[2] H&M and First Street Hospital, as medical providers, entered into this agreement with Nacol's law firm. Later, American Horizon purchased First Street Hospital's accounts receivable, including the balances allegedly owed by Nacol's law firm. First Street Hospital assigned the lien it had obtained from Nacol's law firm to American Horizon.

H&M and American Horizon allege that defendants eventually settled one or more of the cases subject to their liens, but failed to pay any amount to H&M,

---

[2] No party challenges the validity of the agreements in this appeal and nothing in this opinion addresses that issue.

American Horizon, or First Street Hospital. They alleged that defendants conspired to commit the actions of "breach of contract, conversion, and fraud."

Defendants filed motions to transfer venue. Therein, they argued that Jefferson County, Texas is not a place of proper venue, but that Harris County, Texas is the proper venue for this lawsuit. Following a hearing, the trial court denied defendants' motions to transfer venue. This interlocutory appeal followed.

## II. Appellate Jurisdiction

Generally, interlocutory appeal is unavailable from a trial court's determination of a venue question. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (West 2002) ("The court shall determine venue questions from the pleadings and affidavits. No interlocutory appeal shall lie from the determination."). However, when a case involves multiple plaintiffs, section 15.003 establishes a limited right of interlocutory appeal to contest a trial court's venue determination. *Id*. § 15.003(b)-(d). A party may file an interlocutory appeal of the trial court's determination that a plaintiff did independently establish proper venue. *Id*. § 15.003(b)(1). Because there are multiple plaintiffs in this lawsuit, we have jurisdiction to decide this interlocutory appeal. *See id*. § 15.003

## III. Venue

We turn first to the question of whether venue can be maintained in Jefferson County under the facts alleged by H&M and American Horizon.

4

Defendants maintain that H&M and American Horizon cannot demonstrate that venue is proper in Jefferson County.

Generally, the plaintiff chooses the venue of the case, and the plaintiff's choice of venue cannot be disturbed if the suit is initially filed in a county of proper venue. *See Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260-61 (Tex. 1994); *KW Constr. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied). Once the defendant specifically challenges the plaintiff's choice of venue, the plaintiff has the burden to present prima facie proof that venue is proper in the county of suit. *Wilson*, 886 S.W.2d at 260-61; *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999); *KW Constr.*, 165 S.W.3d at 879; *see also* Tex. R. Civ. P. 87(2)(a), (3)(a). Plaintiff satisfies its burden of presenting prima face proof "when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." Tex. R. Civ. P. 87(3)(a).

When considering a motion to transfer venue, the trial court must consider all venue facts properly pled by the plaintiff as true, unless they are specifically denied by the defendant. Tex. R. Civ. P. 87(3)(a); *see also* Tex. R. Civ. P. 45(a). In reviewing a venue decision, an appellate court conducts an independent review of the entire record to determine whether any probative evidence supports the trial

court's venue decision. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b); *Wilson*, 886 S.W.2d at 261.We review the record in the light most favorable to the trial court's venue ruling, but we do not give deference to the trial court's application of the law. *KW Constr.*, 165 S.W.3d at 879. If there is probative evidence supporting venue in the county of suit, then we will affirm the trial court's ruling, otherwise we will reverse the ruling. *Id.*

There is no dispute that this case is not governed by a mandatory venue provision. When there is no mandatory venue, then the general venue rule applies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002 (West 2002). Under the general venue rule, a suit must be brought in one of the following counties: (1) in the county where all or a substantial part of the events giving rise to the claim occurred; (2) in the county of the defendant's residence when the cause of action accrued, if the defendant is a natural person; (3) in the county of the defendant's principal office in Texas, if the defendant is not a natural person; or (4) in the county where the plaintiff resided when the action accrued if none of the other provisions apply. *Id.* § 15.002 (a).

Plaintiffs argue that venue is proper in Jefferson County because a substantial part of the events or omissions giving rise to their claims occurred in Jefferson County.  In assessing venue under this provision, we analyze whether the evidence shows that the actions or omissions at issue are materially connected to

6

the cause of action. *See KW Constr.*, 165 S.W.3d at 882. More than one county can constitute a county in which a substantial part of the events or omissions giving rise to the claim occurred. *See Velasco v. Tex. Kenworth Co.*, 144 S.W.3d 632, 635 (Tex. App.—Dallas 2004, pet. denied); *see also* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). A party challenging venue must establish that no substantial part of the events giving rise to the plaintiff's claims occurred in the county of suit, not merely that a substantial part of the events or omissions occurred in another county. *Velasco*, 144 S.W.3d at 635.

Because this case involves multiple plaintiffs, each plaintiff, independent of the other, must establish proper venue. Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a). We evaluate H&M's and American Horizon's allegations below to determine whether each can independently establish proper venue in Jefferson County.

### A. Plaintiff H&M

H&M alleged that venue is proper in Jefferson County because a substantial part of the events or omissions giving rise to the cause of action occurred in Jefferson County. H&M pleaded a number of facts to support venue in Jefferson County, Texas under this provision, including that H&M rendered medical services to defendants' clients largely in Jefferson County. While defendants specifically denied that all or a substantial part of the events giving rise to plaintiffs' claims

7

occurred in Jefferson County, they did not deny that the medical services, for which H&M now seeks payment, were rendered by H&M largely in Jefferson County. Defendants argue that H&M's claims "relate to alleged protection of payment for healthcare services rendered to Defendant Nacol's clients, not to the healthcare services that may have been provided." They further argue "[t]hat any healthcare services may have been provided in Jefferson County is of no consequence to the claims made by [H&M] and [American Horizon] against Defendants and cannot be relied upon for venue in Jefferson County."

Because defendants did not specifically deny that H&M provided medical services to Nacol's clients in Jefferson County, we take that venue fact as true. *See* Tex. R. Civ. P. 87(3)(a). We must now determine whether H&M's performance of medical services in Jefferson County is connected to H&M's cause of action for breach of contract against defendants for their failure to pay for those services as agreed. Defendants seek to narrow our consideration only to their actions or omissions—that defendants were located in Harris County when they communicated with H&M, that defendants would have fulfilled their contract obligations in Harris County, that defendants would have signed the alleged contracts in Harris County, and generally any performance required by defendants under the contract and any resulting breach would have occurred in Harris County. We do not agree that our review is so narrow.

8

With respect to the claims against H&M, we conclude venue appears proper in both Jefferson County and Harris County. Defendants bore the burden of showing that "no substantial part of the events giving rise to appellant's claims" took place in Jefferson County. *See Velasco*, 144 S.W.3d at 635. The location where H&M performed its obligations under the alleged contract is a substantial event; indeed, H&M's performance under the contract is a fundamental element to its breach of contract claim. *See Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (The essential elements of a breach of contract claim include: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach."). Rather than showing the absence of a substantial part of the events occurred in Jefferson County, defendants merely showed that a substantial part of the events or omissions also occurred in Harris County. *See Velasco*, 144 S.W.3d at 635. Such a showing is insufficient to support a transfer of venue. *See id*. Consequently, H&M filed suit in a proper venue and venue cannot be transferred to Harris County, even if Harris County would have been a proper venue had H&M originally chosen it. *See Wilson*, 886 S.W.2d at 261. We affirm the trial court's denial of the motion to transfer venue as to plaintiff H&M's causes of action.

9

**B. Intervenor-Plaintiff American Horizon**

Plaintiff-intervenor, American Horizon, likewise alleged that venue is proper in Jefferson County because a substantial part of the events or omissions giving rise to its cause of action occurred in Jefferson County. American Horizon seeks to rely on the venue fact that H&M rendered medical services to defendants' clients in Jefferson County. However, this reliance is misplaced and does not support venue for American Horizon independent of H&M's venue. Defendants alleged that American Horizon's claims stem from its purchase of accounts receivable from First State Hospital, which is located in Harris County, Texas. They further alleged that First State Hospital treated Nacol's clients in Harris County, not Jefferson County. Defendants alleged that they entered into any alleged contracts with First State Hospital while in Harris County, that they performed any obligations under the contracts in Harris County, and that any alleged breach of contract occurred in Harris County. Plaintiffs failed to specifically deny these venue facts when pled before the trial court, so we take them as true. *See* Tex. R. Civ. P. 87(3)(a).

Plaintiffs identify the following additional allegations in support of venue in Jefferson County: (1) Nacol, Brown, and Musslewhite have practiced and continue to practice law in Jefferson County, Texas; (2) Nacol filed a lawsuit in Jefferson County against a Jefferson County business concerning Nacol's billboard

10

advertising in Jefferson County; (3) that Nacol firm maintained an office in Jefferson County for at least two years and continues to do so; and (4) both Nacol and the Brown & Musslewhite law firm (as substituted in) have been and continue to prosecute at least one claim for damages in Jefferson County. The allegations and supporting evidence that American Horizon relies on only tends to show that defendants were present in Jefferson County. The evidence submitted to the trial court does not appear related to the claims made by American Horizon or H&M in this lawsuit, and there is no affidavit attempting to relate the referenced lawsuits to the claims being asserted by American Horizon in the pending lawsuit. While American Horizon alleges a substantial part of the events giving rise to its cause of action occurred in Jefferson County, it does not plead adequate facts to support this conclusion, independent of H&M. We conclude that defendants met their burden of showing that no substantial part of the events giving rise to American Horizon's claims took place in Jefferson County.

Additionally, it is undisputed that defendants Nacol, Brown, Musslewhite, and Lockett are natural persons who all reside in Harris County, Texas. It is also undisputed that defendant Brown & Musslewhite is a domestic limited liability partnership with a principal office in Harris County. Even if American Horizon's allegations are true and Nacol maintained an office in Jefferson County and advertised in Jefferson County, those facts fail to establish that venue for this

11

lawsuit is proper in Jefferson County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.001(a) (West 2002) (defining "'[p]rincipal office'" as the principal office of the partnership in Texas where the decision makers for the partnership in Texas conduct the daily affairs, but stating that a partnership's "mere presence" does not establish a principal office). American Horizon failed to show that any of the defendants personally reside in Jefferson County or maintain a principal office in Jefferson County. Based on the record before us, we conclude that American Horizon failed to independently establish that venue was proper in Jefferson County under the general venue statute. *See id.* § 15.002.

If a plaintiff fails to independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed. *Id.* § 15.003(a). The plaintiff can avoid transfer or dismissal by demonstrating that:

> (1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;
>
> (2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;
>
> (3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and
>
> (4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

12

*Id.* The appellate court must "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard[.]" *Id.* § 15.003(c)(1). The only "evidence" American Horizon offered to establish its right to join the Jefferson County litigation consisted of its allegation that "there are common facts and circumstances as between the various claims alleged by [H&M] and [American Horizon] in this case." American Horizon failed to support this allegation with prima facie evidence. Moreover, American Horizon did not allege or even address the factors identified in the statute as necessary to establish its right to remain in the Jefferson County litigation in the event that it could not independently establish proper venue. *See id.* § 15.003(a). We conclude that American Horizon has failed to produce sufficient evidence to satisfy its burden under section 15.003. *See id.*

If the plaintiff files suit in a county where venue is not proper, the plaintiff waives the right to choose the venue, and the trial court must transfer the suit to a specified county of proper venue. *Wilson*, 886 S.W.2d at 260. Because defendants filed proper motions to transfer venue and provided prima facie evidence supporting a transfer of venue to Harris County as a county of proper venue, the trial court must transfer American Horizon's claims and causes of action against defendants to Harris County, Texas.

13

Accordingly, we affirm the trial court's order denying defendants' motion to transfer venue as to plaintiff Health & Medical Practice Associates, Inc. We reverse the trial court's order with respect to intervenor-plaintiff American Horizon Financial Group, LLP, and remand it to the trial court with instructions to transfer its cause in accordance with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

_____
CHARLES KREGER
Justice

Submitted on September 20, 2013
Opinion Delivered October 17, 2013

Before McKeithen, C.J., Gaultney and Kreger, JJ.