In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00034-CV

                                                ______________________________

 

 

 

             IN RE: 
THE ESTATE OF OLA MAE JOHNSON, DECEASED

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                           Harrison County, Texas

                                                   Trial Court No. 2010-16231-CCL

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








MEMORANDUM OPINION

 

            Ola
Mae Johnson, mother of eight children, died intestate on January 27, 2006.  Her oldest daughter, Vernia Calhoun, was
appointed administrator of Johnson’s estate. 
Calhoun filed a petition for declaratory relief seeking to set aside a
deed to Johnson’s residence executed on December 31, 2004, in favor of Johnson’s
son, Lynn D. Johnson, on the belief that capacity to execute the deed was
lacking.  A jury trial resulted in a
finding that Johnson had capacity to execute the deed.  The estate appeals the trial court’s judgment
in favor of Lynn on grounds that the trial court erred in:  (1) denying a directed verdict for the estate;
(2) allowing Lynn to reopen the evidence; and (3) preventing Calhoun’s
testimony regarding handwriting analysis. 
We affirm the trial court’s judgment. 

I.          Trial Court Properly
Denied Directed Verdict 

            A.        Standard of Review 

            Calhoun’s
complaint of the denial of her motion for directed verdict is the same as a
challenge to the legal sufficiency of the evidence.  City of
Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005).  The question of mental capacity is whether
Johnson appreciated the effect of what she was doing and understood the nature
and consequences of her acts and the business she was transacting.  Mandell
& Wright v. Thomas, 441 S.W.2d 841, 845 (Tex. 1969).  The test has also been stated that the person
executing the deed must have sufficient mind and memory at the time of
execution (here December 31, 2004), to understand the nature and effect of the
act.  Decker
v. Decker, 192 S.W.3d 648, 652 (Tex. App.─Fort Worth 2006, no pet.); Bradshaw v. Naumann, 528 S.W.2d 869, 875
(Tex. Civ. App.─Austin 1975, writ dism’d) (“The proper inquiry is the
condition of the grantor’s mind on the day the deed was executed and not
whether she was . . . of unsound mind at another time prior to or after the
making of the deed.”). 

            The
law generally presumes that a person possesses the requisite mental capacity at
the time of executing a deed; thus, a party contesting such capacity bears the
burden of proof.  Decker, 192 S.W.3d at 652 (citing Jackson v. Henninger, 482 S.W.2d 323, 324-25 (Tex. Civ.
App.─Austin 1972, no writ)). 
Because Calhoun challenges the denial of a motion for directed verdict
(legal sufficiency) of an issue on which she bears the burden of proof, she
must demonstrate that the evidence conclusively established all vital facts to
support the issue.  Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Ray v. Farris, 903 S.W.2d 806, 808 (Tex.
App.─Texarkana 1995, no pet.).  In
other words, Calhoun must show that the evidence conclusively demonstrated that
Johnson did not have the capacity to execute the deed.  The question of capacity is generally one for
the jury.  In re Estate of Robinson, 140 S.W.3d 782, 793–94 (Tex.
App.─Corpus Christi 2004, pet. denied). 
We review all of the evidence and inferences in the light most favorable
to the jury’s finding that Johnson possessed the requisite capacity at the time
of execution.  Wilson, 168 S.W.3d at 807.  

            B.        Evidence Did Not Conclusively Establish
Lack of Capacity 

            There
is no dispute in this case that Johnson was diagnosed with dementia and
Alzheimer’s prior to her death.  The
question for the jury involved whether the progression of her disease prevented
her from having the requisite capacity to execute the deed to Lynn on December
31, 2004.  Johnson’s medical records,
which the jury reviewed, shed some light on this issue. 

            Johnson
was treated by Dr. Orin Littlejohn.  In
January 2003, Littlejohn believed that Johnson “definitely has sx of dementia
probably Alzheimer’s.”  However, he noted
that Johnson was “oriented, she knows address, knows who the president is, and
knows that this is Jan.”  In August 2004,
Littlejohn wrote, “The patient’s memory is even worse than previously [sic] . .
. I feel that she has [sic] probably not taking the medication now and she does
not remember she is taking it or not.”  A
subsequent visit that month led Littlejohn to conclude, “I feel that she may be
well on Namenda and Reminyl” medications. 
The last entry prior to the execution of the deed was on September 23,
2004.  On that date, Littlejohn’s notes
reflect:  “The family states that she
does seem cleared, not as forgetful and does not repeat herself as much.”  He decided to continue Johnson on her
medication.  After the deed was executed,
a January 20, 2005, note reflected the fact that Johnson had missed several
appointments and that an examination revealed “definite changes of
Alzheimer’s.”  The following March 4,
2005, note stated:

patient has responded rather dramatically with
Reminyl & Namenda, however some of the family may feel that she needs to be
in a nursing home but these are out of town sibling [sic], The children who
live here and see her daily feel that she is able to take care of her personal
needs without difficulty. . . . At the present time I do not feel that she
needs to be in a nursing home or have closer supervision than she has now.

 

In June 2005, Littlejohn decided:

She has improved as far as her mental status is
concerned and she would like to be allowed to take over the control of her SS
check. She also has a retirement check and she has been given control of that
money and this may satisfy her complaints of not having any money.  This will afford her a little freedom.

 

            At
the same time Johnson began exhibiting signs of dementia or memory loss in
January 2003, her daughter Devonia Johnson moved in with her.  Devonia would take Johnson to the bank and to
the grocery store.  Although Johnson paid
her bills and shopped for groceries, Devonia testified she would “guide her
through” the process of check writing.  Devonia
believed that by 2004, her mother was unable to handle her affairs.  

            Calhoun
claimed that in 2005, her mother told the family during a meeting that she
“wanted her house for her children and her grandchildren.”  Calhoun testified that she took over her
mother’s financial affairs in 2004 because her mother was unable to pay her
bills, and further averred Johnson was not capable of executing a legal
document in December 2004.  However,
Calhoun also testified that she was not aware that Johnson had dementia until
March 2005, well after the deed had been executed.  She stated, “I saw signs, but I didn’t
know.”  Calhoun further testified that
she was present when her mother signed a contract to purchase furniture in 2005
and that she was unaware that her mother lacked capacity to enter into such a
contract. 

            Lynn
testified that he had given the house to his mother and she was to make
payments.  Later Johnson’s brother, Joe,
helped her with the payments.  In 2005,
he became aware that Johnson was diagnosed with Alzheimer’s and dementia, and
he made the decision to live with her at that point.  He testified that although his mother
executed the deed to him in 2004, it was not delivered to him until several
months after he was granted Johnson’s power of attorney in April 2005.  The deed was acknowledged before a notary
public.  

            While
it is undisputed that Johnson experienced dementia and Alzheimer’s,
Littlejohn’s notes showed improvement of her symptoms with medication.  Although the evidence was contradictory, when
viewed in a light most favorable to the verdict, it established that Johnson
knew her address, was capable of paying her bills, shopping for groceries,
transacting business at the bank, and entering into contracts for the purchase
of furniture.  Therefore, we find that
the trial court properly denied Calhoun’s motion for directed verdict on the
issue of capacity, for which she had the burden of proof.  

            We
overrule Calhoun’s first point of error. 


II.        Trial Court Did Not
Abuse Its Discretion to Reopen Evidence 

            Rule
270 of the Texas Rules of Civil Procedure provides that a trial court may
permit additional evidence to be offered at any time when it clearly appears
necessary to the administration of justice. 
Tex. R. Civ. P. 270.  Rule 270 allows, but does not require, the
court to permit additional evidence.  Lopez v. Lopez, 55 S.W.3d 194, 201 (Tex.
App.─Corpus Christi 2001, no pet.). 
The decision of whether a party should be allowed to reopen testimony
lies within the discretion of the trial court.  Word of
Faith World Outreach Ctr. Church,
Inc. v. Oechsner, 669 S.W.2d 364, 366 (Tex. App.─Dallas 1984, no writ).  The trial court should liberally exercise its
discretion in the interest of permitting both sides to fully develop the case
in the interest of justice.  We review a
trial court’s decision to reopen the evidence under the abuse of discretion
standard.  See Forrest v. Hanson, 424 S.W.2d 899, 907 (Tex. 1968); Estrello v. Elboar, 965 S.W.2d 754, 759
(Tex. App.─Fort Worth 1998, no pet.). 
A trial court abuses its discretion if it acts arbitrarily or
unreasonably.  Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 

            Calhoun
argues that the trial court erred in allowing Lynn to question her about the
details of a furniture contract Johnson entered into in 2005.  Specifically, Calhoun claims that the trial
court should not have permitted Lynn to reopen the evidence because the
furniture contract “was sitting on the table in Appellee’s file throughout the
entire trial” and “Appellee clearly was not diligent in presenting this
evidence to the jury.”  

            While
it is true that diligence in obtaining evidence is a factor which the trial
court may consider in determining whether to reopen the evidence, the trial
court also considers whether:  (1) the
evidence is decisive; (2) reception of such evidence will cause undue delay;
and (3)  granting the motion will cause an injustice.  Hernandez
v. Lautensack, 201 S.W.3d 771, 778–79 (Tex. App.─Fort Worth 2006,
pet. denied).  

            Lynn
represented himself at trial.  The trial
court may have concluded that evidence of a contract entered into by Johnson
after the execution of the deed, coupled with Calhoun’s testimony that she was
unaware her mother could not enter into such a contract in 2005, was highly
relevant.  The court was free to decide
that the evidence was not repetitive, would not cause undue delay, and that
granting the motion to reopen would not cause injustice.  The court could have also noted caselaw
directing courts to exercise discretion liberally in the interest of permitting
both sides to fully develop the case.  See Oechsner, 669 S.W.2d at 366-67.  With these considerations in mind, we cannot
say that the trial court abused its discretion in reopening the evidence. 

            Calhoun’s
second point of error is overruled.[1]

III.       Calhoun Failed to
Preserve Error Regarding Opinion as to Signature Comparison

            Calhoun
complains that the trial court “erred in not allowing [her] to question witness
on comparing the signature on the deed with a document the parties agreed was a
document signed by Ola Mae Johnson.” 
When asked to compare the signatures on the furniture contract to the
deed, the following transpired:

            Q.        [By Mr. Bernoudy]  And I know you’re not a handwriting expert,
but can you look at these two signatures and are they the same?

 

            A.        [By Calhoun]  It doesn’t look like it.

 

                        MR. LYNN JOHNSON:  I want to object here, Your Honor.  I want to object.  Because there are other documents that Mother
signed, like power of attorneys where her signature varied.  And to zero in on those two documents and
made [sic] a determination, I feel would be biased towards me. 

 

                        THE COURT:  I’m going to sustain that objection. 

 

                        MR. BERNOUDY:  Nothing further, Your Honor. 

 

Although the trial court sustained
an objection after the witness answered the question, Calhoun’s answer to the
question was not struck, and it was before the jury.[2]  

            We
are unclear about Calhoun’s complaint. 
Presumably, Calhoun complains of exclusion of some evidence.  To adequately and effectively preserve error,
a party complaining that evidence was improperly excluded must make an offer of
proof that shows the nature of the evidence specifically enough so that the
reviewing court can determine its admissibility unless the context of the
question made apparent the substance of excluded testimony.  See Tex. R. App. P. 33.1; Tex. R. Evid. 103(a)(2).  Calhoun does not claim that she intended to
demonstrate that the signature on the deed was not her mother’s.  There was no dispute that the signature on
the notarized deed belonged to Johnson. 
Instead, the only issue at trial was whether Johnson had the mental
capacity to sign the deed.  Further, as
we have stated, Calhoun did testify that the two signatures did not look alike.
 The last point of error is
overruled.  

IV.       CONCLUSION


            We
affirm the trial court’s judgment. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          August 4, 2011

Date Decided:             August 11, 2011











[1]Within
this same point of error, Calhoun argued multifariously that the furniture
contract was impermissible hearsay because the business record exception had
not been established and did not meet the “Code of Evidence.”  We overrule Calhoun’s argument as moot; the
furniture contract was not introduced or admitted into evidence.  Rather, Lynn asked Calhoun questions about
the transaction without objection.





[2]Calhoun
complains that the Texas Rules of Evidence would allow her to authenticate her
mother’s handwriting.  Authentication is
not the issue in this case as the deed had already been admitted into
evidence.