E. J. McCURDY, Jr., Appellant,

v.

J. W. KING, Appellee.

No. 3742.

Court of Civil Appeals of Texas.

Eastland.

July 13, 1962.

Rehearing Denied July 27, 1962.

E. G. Aycock, Ft. Worth, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellee.

COLLINGS, Justice.

This is a plea of privilege case. J. W. King brought suit for damages against E. J. McCurdy, Jr., for alleged anticipatory breach of a written contract. In an amended petition plaintiff sought judgment for damages in the total amount of $14,000.00, for an additional sum of $4,000.00 as attorney's fees and "for quieting of his title and the removal of the cloud—thereon by defendant's actions." McCurdy filed a plea of privilege to be sued in Tarrant County, the alleged place of his residence. The plea of privilege was overruled and McCurdy has appealed.

Appellee King filed an original and an amended controverting affidavit claiming venue in Haskell County under the provisions of Subdivisions 5 and 14, Article 1995, Vernon's Ann.Texas Civ.St. The contract in writing relied upon by appellee as the basis of his suit was substantially as follows:

"May 24, 1961

"Mr. E. J. McCurdy, Jr.
"1214–15 First National Bank Building
"Fort Worth, Texas

"Dear Mr. McCurdy:

"This letter is to set out and clarify a verbal deal made between us of this date.

"Subject to the following Conditions I will assign to you or your assigns an undivided three-fourths (¾) Work-

ing Interest in the following described acreage.

(Description of two tracts of land of a total acreage of approximately 1219 acres located in Haskell County.)

"I am to drill a well on above acreage to fully test the Palo Pinto Reef (Canyon) but not to exceed a maximum depth of 3500 feet, production at a lesser depth or otherwise, unless mutually agreed to run pipe at a lesser depth.

"Upon completion to total depth in this first test well you are to pay to me the sum of $17,500.00. You are to pay all third party services incurred in the drilling of this well including surveying location, mud, cementer, dirt work, tests, cores, logs, damates, etc., except that I will furnish all the surface casing that is necessary for it.

"If first well is productive of oil or gas we will enter into a mutually satisfactory operating agreement. Each shall be responsible for his pro-rata share of all completion costs, future drilling, completion and operating costs of the development of both leases.

"If this is your understanding of our agreement, please sign below in the space so provided.

"Yours very truly,

"s/ J. W. King
"J. W. King

"ACCEPTED & AGREED THIS
"24th DAY OF MAY, 1961

"s/ E. J. McCurdy, Jr.
"E. J. McCurdy, Jr."

Appellee alleged in his pleadings as plaintiff that subsequent to the execution of the above writing appellant repudiated same, thus making himself guilty of an anticipatory breach of the contract in its entirety; that in entering into the contract the parties contemplated a test well would be drilled on the land described, and if appellant had not breached the contract appellee would have drilled the test well with his own rig and have earned, over and above the expense of drilling, the sum of $9,500.-00, and in addition would have earned as his own property a ¼th working interest in the leases in question. In his first amended original petition appellee prayed judgment against appellant for his damages and "for quieting his title and the removal of the cloud cast thereon" by appellant's actions.

Appellant presents two points in which it is urged that the court erred in overruling his plea of privilege to be sued in the county of his residence because venue was not, as contended by appellee, fixed in Haskell County under the provisions of Subdivision 5 of the venue statute, and was not fixed in Haskell County by virtue of the provisions of Subdivision 14 of the statute.

■ Contrary to appellee's contention, the contract in question does not expressly name any county or definite place therein in which any obligation sued upon is to be performed, and therefore venue does not lie in Haskell County under the provisions of Subdivision 5. Appellee admits that if the only obligation of appellant under the writing was to pay $17,500.00 upon completion of the test well, that venue would not, by reason of that obligation alone, be maintainable in Haskell County, because there was no provision in the contract that the payment should be made in Haskell County. Appellee contends, however, that a reasonable construction of the contract obligates appellant to furnish or bear the expenses of all third party services incurred in drilling the well and to furnish or bear the expenses of surveying location, mud, cementer, dirt work, tests, cores and logs, and damages. Appellee urges that these services could only be furnished in Haskell County where the well was to be drilled and that appellant therefore obligated himself by the contract to do and perform such acts in Haskell County. We cannot agree with this contention. The obligation of appellant under the contract was to

pay certain specified expenses and no particular place is named for the performance of such obligation.

Appellee further contends that venue is properly maintainable in Haskell County under the provisions of Subdivision 14. In this connection appellee urges that his pleadings as set out in his first amended original petition alleges a cause of action to quiet appellee's title to land and that the record shows the land to be located in Haskell County. We cannot agree with this contention. There are two requirements necessary to bring a case within the provisions of Subdivision 14: (1) the nature of the suit must come within the terms of the statute and, (2) the land must be situated in the county in which venue is claimed. The question whether the nature of the suit complies with the statute is determined by the allegations of the plaintiff's pleadings. A consideration of appellee's pleadings in the instant case shows that the nature of his suit was not one for the recovery of lands, or for damages thereto, or to quiet title thereto. Land is described in the contract which appellee set out as the basis for his alleged cause of action but appellee's pleadings do not show that he is seeking to recover land or to quiet title to land or to recover for damages to land. Appellee's prayer does ask "for quieting of his title and removal of the cloud cast thereon by defendant's actions." But his pleadings as a whole show that the relief he seeks is damages. The damages he seeks to recover are not damages to land, but are damages alleged to have been sustained by him because of appellant's alleged breach of an obligation to pay money. Appellee's pleadings do not indicate that he even owned the land described in the contract sued upon. What appellee alleged was that because of appellant's breach of the contract he was unable to earn an undivided $\frac{1}{4}$th working interest in the leases on said land and was unable to earn the profit he would have made by the drilling of the test well, "but on the contrary had to obligate himself for the

purchase of such interest—." The nature of this suit as shown by appellee's pleadings does not come within the provisions of Subdivision 14.

Appellant's points are well taken. The judgment of the trial court is reversed and the cause remanded with instructions to sustain appellant's plea of privilege and to enter an order transferring said cause of the proper court of Tarrant County.