**MOVEFORFREE.COM, INC., Appellant**

v.

**DAVID HETRICK, INC. d/b/a Marcom, Appellee.**

No. 14–07–00044–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 2009.

Vincent L. Marable III, Wharton, TX, Robert Lee Anderson, Corpus Christi, TX, for appellants.

Julian Fertitta, Marc Lance Ellison, and Richard M. Grimes, Houston, TX, for appellees.

Panel consists of Justices YATES and GUZMAN and Senior Justice PRICE.*

## OPINION

LESLIE B. YATES, Justice.

Appellant Moveforfree.com, Inc. ("MFF") appeals from the trial court's judgment entered after a jury trial and from an order transferring venue from Bexar County to Harris County. Because we find that venue was proper in Bexar County, we reverse the trial court's judgment and remand with instructions to transfer this cause back to Bexar County for a new trial.

* Senior Justice Frank C. Price, sitting by assignment.

## BACKGROUND

MFF is a San Antonio-based company that offers apartment location and moving services. Appellee David Hetrick, Inc. d/b/a Marcom ("Marcom") is a Houston-based company that provides media placement and consulting services for businesses purchasing radio and television airtime. MFF originally started in Houston (which is in Harris County) and later relocated to San Antonio (which is in Bexar County). MFF and Marcom entered into an oral agreement while MFF was still in Houston for Marcom to provide services to secure radio advertisements on stations in San Antonio, Dallas, and Houston. This relationship continued following MFF's move to San Antonio, after which the parties entered into a written agreement. MFF eventually became dissatisfied with Marcom's services and sued Marcom in Bexar County, alleging breach of contract, fraud, and violations of the Deceptive Trade Practices—Consumer Protection Act ("DTPA"). Marcom counterclaimed for unpaid services. Marcom also filed a motion to transfer to venue to Harris County, which the Bexar County trial court granted.

The case was tried before a jury in Harris County district court, and the trial court disregarded some of the jury's findings and awarded MFF some damages but not the amount to which it claims it is entitled. The jury also found in favor of Marcom on its counterclaim. On appeal, MFF argues the Bexar County trial court erred in transferring venue and also asserts several errors relating to the trial.

## ANALYSIS

### A. Venue Transfer Law

■ In Texas, the plaintiff has the right to choose venue in the first instance. *See Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 260–61 (Tex.1994); *Cantu v. Howard S. Grossman, P.A.,* 251 S.W.3d 731, 735 (Tex.App.-Houston [14th Dist.] 2008, pet. filed). If the defendant challenges the plaintiff's venue choice, the plaintiff must present prima facie proof that venue is proper. *See* Tex.R. Civ. P. 87(2)(B); *Wilson,* 886 S.W.2d at 260; *Jaska v. Tex. Dep't of Protective & Regulatory Servs.,* 106 S.W.3d 907, 910 (Tex.App.-Dallas 2003, no pet.). The trial court is to evaluate venue based on the pleadings and affidavits. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.064(a) (Vernon 2002); Tex.R. Civ. P. 87(3). If, based on this information, the plaintiff has chosen a proper venue, the trial court must maintain venue in the plaintiff's chosen county unless a mandatory venue provision applies or the defendant brings forth "conclusive evidence" that "destroy[s]" the plaintiff's prima facie proof. *See* Tex.R. Civ. P. 87(3)(c); *KW Constr. v. Stephens & Sons Concrete Contractors,* 165 S.W.3d 874, 880 (Tex.App.-Texarkana 2005, pet. denied); *Rosales v. H.E. Butt Grocery Co.,* 905 S.W.2d 745, 750 (Tex.App.-San Antonio 1995, writ denied). Absent such circumstances, venue in any county other than the plaintiff's choice is improper as a matter of law. *See Wilson,* 886 S.W.2d at 261–62; *Lynn Smith Chevrolet-GEO, Inc. v. Tidwell,* 161 S.W.3d 738, 742 (Tex.App.-Fort Worth 2005, no pet.).

■ On appeal of a venue determination, we review not only the pleadings and affidavits but the entire record. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.064(b); *Wilson,* 886 S.W.2d at 261; *Velasco v. Tex. Kenworth Co.,* 144 S.W.3d 632, 634 (Tex. App.-Dallas 2004, pet. denied). We look for any probative evidence to support the plaintiff's choice of venue, even if the evidence preponderates to the contrary. *Wilson,* 886 S.W.2d at 262; *Velasco,* 144 S.W.3d at 634. If any probative evidence supports the plaintiff's choice, then trans-

ferring venue is reversible error, mandating a new trial. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b); *Wilson*, 886 S.W.2d at 262; *Jaska*, 106 S.W.3d at 910. Marcom argues that we are to review the record for any probative evidence to support the trial court's venue decision rather than the plaintiff's choice of venue. *See, e.g., Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993). Such analysis is correct when the trial court denies a motion to transfer venue because it gives proper deference to the plaintiff's venue choice. *See Jaska*, 106 S.W.3d at 909–10; *Garcia v. Garza*, 70 S.W.3d 362, 371–72 (Tex.App.-Corpus Christi 2002), *rev'd on other grounds*, 137 S.W.3d 36 (Tex.2004); *see also Ruiz*, 868 S.W.2d at 756–58. However, to apply that analysis when the trial court grants a venue transfer motion would eviscerate the plaintiff's right to choose among appropriate venue options. *See Jaska*, 106 S.W.3d at 909–10; *Garcia*, 70 S.W.3d at 371–72; *see also Wilson*, 886 S.W.2d at 261. The ultimate goal in any venue transfer analysis is first to determine whether the plaintiff's choice was appropriate. If so, that choice must be upheld, even if the venue the defendant suggests would have also been appropriate if chosen by the plaintiff. *Wilson*, 886 S.W.2d at 261; *Velasco*, 144 S.W.3d at 634.

■ The parties agree that no mandatory venue provision applies and that venue in this case is governed by Civil Practice and Remedies Code section 15.002(a)(1), which provides that venue is proper "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred." TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a)(1) (Vernon 2002). In assessing venue under section 15.002(a)(1), we analyze whether the evidence shows that the actions or omissions at issue are materially connected to the cause of action. *See KW Constr.*,

165 S.W.3d at 882; *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 680 (Tex.App.-Austin 2003, no pet.). More than one county can constitute a county in which a substantial part of the events or omissions giving rise to the claim occurred. *Velasco*, 144 S.W.3d at 634–35; *S. County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 457–59 (Tex.App.-Corpus Christi 2000, no pet.). Thus, our initial inquiry is whether the defendant challenging venue under this provision proved there was no substantial connection between the plaintiff's claim and chosen county, not whether it proved a substantial connection to the defendant's alternative choice. *See Velasco*, 144 S.W.3d at 635. In other words, if both counties at issue would be appropriate venue choices, the plaintiff's choice controls. *See KW Constr.*, 165 S.W.3d at 879; *Unauthorized Practice of Law Comm. v. Nationwide Mut. Ins. Co.*, 155 S.W.3d 590, 596 (Tex.App.-San Antonio 2004, pet. denied).

### B. Venue Was Proper in Bexar County

■ After reviewing the entire record, we conclude that the trial court committed reversible error by transferring venue away from Bexar County. MFF presented testimony that its fraud, DTPA, and breach of contract claims are based on alleged misrepresentations Marcom's representatives made to MFF, both in Houston and San Antonio, about the manner in which it would provide advertising-related services and the type and number of ads that would run on various radio stations, including stations in San Antonio. MFF also presented evidence that Marcom submitted proposed ad schedules to it in San Antonio, which MFF approved in San Antonio, and that Marcom failed to secure all the ads as proposed, including standard paid ads and additional free or "no charge" ads. These actions, which occurred in San Antonio, are essential to MFF's claims in

this lawsuit. Thus, we conclude that the evidence of MFF, a San Antonio-based company, suing over misrepresentations it received in San Antonio and a failure to provide advertising services ordered from San Antonio, including ads that were to run in San Antonio, is sufficient to support venue in Bexar County under section 15.002(a)(1). *See Siemens Corp. v. Bartek,* No. 03–04–00613–CV, 2006 WL 1126219, at *6–7 (Tex.App.-Austin Apr.28, 2006, no pet.) (finding venue proper in county where party received misrepresentations and where contract partially performed); *KW Constr.,* 165 S.W.3d at 882–83 (finding venue proper in county where communications were received regarding scope of work to be performed under contract); *Karen Corp. v. Burlington N. & Santa Fe Ry.,* 107 S.W.3d 118, 127–28 (Tex.App.-Fort Worth 2003, pet. denied) (finding venue proper in county of party's principal place of business and where omitted actions would have been performed).

Marcom insists that venue was proper in Harris County, not Bexar County. It catalogues all links to Harris County and argues that Bexar County venue is not proper because Harris County is the site of all essential conduct regarding this litigation. For example, it argues that the initial contract was entered into in Harris County and that all of its actions or omissions in failing to secure certain ads or monitoring the status of ad orders occurred in Harris County. Though it is possible that Harris County has a more substantial connection to the litigation than Bexar County, that is not the standard. We determine only whether probative evidence supports the plaintiff's venue choice, even if another county would also have been proper. *Wilson,* 886 S.W.2d at 261; *Velasco,* 144 S.W.3d at 634. Marcom has presented no conclusive evidence that would destroy MFF's probative proof, which shows a material connection be-

tween its claims and Bexar County, and therefore venue is proper in Bexar County.

Because MFF's choice of venue was proper, no other venue was proper as a matter of law, and therefore, the trial court erred in transferring venue to Harris County. We reverse the trial court's judgment and remand with instructions for this cause to be returned to Bexar County for a new trial. Because we are remanding for a new trial, we need not address MFF's other issues, which all concern trial errors that may not recur on retrial.