Reversed and Remanded and Memorandum
Opinion filed October 21, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00856-CV



Leon Oscar
Ramirez, Jr., Appellant 

v.

Suez Energy
Resources NA, Inc., Appellee 



On Appeal from
the 151st District Court

Harris County, Texas

Trial Court
Cause No. 2008-50748



 

M E M O R A N D U M   O P I N I O N


This appeal challenges the trial court’s venue
determination.  Appellee Suez Energy Resources NA, Inc. (“Suez Energy”) sued
appellant Leon Oscar Ramirez, Jr. in Harris County for an unpaid balance due on
an electricity services contract.  Ramirez answered and filed a motion to
transfer venue from Harris County to Webb County.  The motion was denied, and judgment
was ultimately rendered in favor of Suez Energy.  In his sole issue, Ramirez contends
that the trial court erred by denying his motion to transfer venue.  Finding
reversible error regarding the venue in this case, we reverse the judgment of
the trial court and remand the case with instructions to transfer venue of the
case from Harris County to Webb County.

I.  BACKGROUND

Ramirez maintains a business in Laredo, Webb County,
Texas.  In 2007, he contracted with Suez Energy for electricity services for the
business.  The service contract provided that Suez Energy would supply
electricity to the business; in return, Ramirez agreed to pay Suez Energy for
the electricity.  The “Billing and Payment” section provided that “Payment
shall be due to Suez by check, electronic transfer or any other mutually
agreed upon payment method within seventeen (17) days after receipt of the
invoice.”  For several months thereafter, Suez Energy provided electricity.  Ramirez,
however, only partially paid Suez Energy for the electricity and never paid the
entire balance.  Suez Energy stopped its electricity services and sued Ramirez
to recover the balance due on the contract.    

Suez Energy brought suit in Harris County, alleging suit
on a sworn account and breach of contract.  In its petition, Suez Energy
alleged that venue was proper in Harris County because (1) “all or a
substantial part of the events or omissions giving rise to the claims” occurred
in Harris County, (2) the contract was signed and executed in Harris County, and
(3) “payment was to be received in Houston, Harris County.”  Ramirez filed an
answer denying Suez Energy’s allegations and filed a motion to transfer venue
to Webb County.  In his motion to transfer venue, Ramirez denied that all or
substantial part of the events occurred in Harris County.  Specifically,
Ramirez claimed that:  (1) Suez Energy did not maintain an office or business
in Harris County, (2) the electricity contract was signed in Webb County, (3)
the electricity was provided in Webb County, and (4) “there was no requirement
in the contract that payment [had] to be made in Harris County.”  Suez Energy responded
to the motion, contending that the contract supported venue in Harris County:  payment—performance—was
to be made to Suez Energy in Houston, Harris County.  Thus, according to Suez
Energy, venue was permissive under section 15.035(a) of the Civil Practice and
Remedies Code.[1] 


Initially, the trial court withheld its ruling on the
transfer motion because Ramirez had not filed an affidavit or other evidence to
support his motion’s allegations, namely where payments were made.  The trial
court granted Ramirez additional time to supplement his motion with an
affidavit averring to the place of payment.[2] 
After several weeks, Ramirez had not filed an affidavit or any other evidence regarding
the place of payment.[3] 
Accordingly, the trial court denied the motion, specifically finding that venue
was permissive in Harris County under section 15.035 of the Civil Practice and
Remedies Code.[4] 
Thereafter, Suez Energy successfully moved for summary judgment on its causes
of action.  Judgment was rendered in favor of Suez Energy for $18,005.35; the
trial court also awarded attorney’s fees to Suez Energy.  In a single issue, Ramirez
challenges the trial court’s venue determination.

II.  STANDARD OF REVIEW

We conduct a de novo review of the trial
court’s denial and determine whether there is any probative evidence that venue
would have been proper in Harris County.  See Wilson v. Tex. Parks and
Wildlife Dep’t, 886 S.W.2d 259, 261–62 (Tex. 1994).  If so, we must affirm
the trial court’s denial of Ramirez’s motion to transfer venue to Webb
County.   See Bonham State Bank v. Beadle, 907 S.W.2d 465, 471 (Tex.
1995).

Because venue may be proper in more than one county,
the plaintiff is given the first choice to fix venue in a proper county by
filing suit in that county.  See In re Team Rocket, 256 S.W.3d 257, 259
(Tex. 2008); Cantu v. Howard S. Grossman, P.A., 251 S.W.3d 731, 735
(Tex. App.—Houston [14th Dist.] 2008, pet. denied).  If the defendant, however,
challenges the plaintiff’s venue choice, the plaintiff must present prima facie
proof that venue is proper.  See Tex. R. Civ. P. 87(2)(a), 3(a); see
also Wilson, 886 S.W.2d at 260–61.  “Prima facie proof is made when
the venue facts are properly pleaded and an affidavit, and any duly proved
attachments to the affidavit, are filed fully and specifically setting forth
the facts supporting each pleading.”  Tex. R. Civ. P. 87(3)(a).  If the
plaintiff proves venue facts that support venue, the trial court must maintain
the lawsuit in the county were suit was filed unless the motion to transfer is
based on an established ground of mandatory venue.  Tex. R. Civ. P. 87(3)(c).  If
the plaintiff does not meet this burden—the defendant brings forth “conclusive
evidence” that destroys the plaintiff’s prima facie proof—the trial court
“shall transfer the case to another county of proper venue.”  Wilson,
886 S.W.2d at 260; Moveforfree.com, Inc. v. David Hetrick, Inc.,
288 S.W.3d 539, 543 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Furthermore, properly pleaded venue facts shall be
taken as true unless specifically denied by the adverse party.  Tex. R. Civ. P.
87(3)(a).  If the defendant specifically denies any of the venue facts pleaded
by the plaintiff, the plaintiff must make prima facie proof of the venue fact
denied. Tex. R. Civ. P. 87(2)(a)–(b); see also GeoChem Tech Corp. v.
Verseckes, 962 S.W.2d 541, 543 (Tex. 1998).  Specific denial of a venue
fact requires that the fact itself be denied.  See Sanes v. Clark,
25 S.W.3d 800, 803 (Tex. App.—Waco 2000, pet. denied); see also Maranatha
Temple, Inc. v. Enter Prods. Co., 833 S.W.2d 736, 740 (Tex. App.—Houston
[1st Dist.] 1992, writ denied).  

III.  TRIAL COURT’S VENUE DETERMINATION

Suez Energy selected venue in Harris County, alleging
that (1) “all or a substantial part of the events or omissions giving rise to
the claims” occurred in Harris County, (2) the contract was signed and executed
in Harris County, and (3) “payment was to be received in Houston, Harris
County.”  Ramirez then challenged Suez Energy’s choice of venue by filing a
motion to transfer venue to Webb County.  Ramirez alleged that: (1) Suez Energy
did not maintain an office or business in Harris County, (2) the electricity
contract was signed in Webb County, (3) the electricity was provided in Webb
County, and (4) “there was no requirement in the contract that payment [had] to
be made in Harris County.”  Because Ramirez specifically challenged each of Suez
Energy’s venue facts, Suez Energy was required to make a prima facie showing
that venue was proper in Harris County.  See Tex. R. Civ. P.
87(2)(a)–(b).

Suez Energy responded to the motion, contending that
venue was proper in Harris County pursuant to section 15.035 of the Civil
Practice and Remedies Code because the contract required payment—performance—to
be made to Suez Energy in Houston, Harris County.  See Tex. Civ. Prac.
& Rem. Code Ann. § 15.035(a) (Vernon 2002).  The trial court agreed and
found that venue was proper in Harris County under section 15.035(a) of the
Civil Practice and Remedies Code.

Section 15.035(a) provides in relevant part:

[I]f a person has contracted in writing to perform an
obligation in a particular county, expressly naming the county or
a definite place in that county by that writing, suit on or by reason
of the obligations may be brought against him either in that county or in the
county in which the defendant has his domicile. 

Id. (emphasis added). 
Under section 15.035(a), venue is permissive if a written contract obligates
performance in a particular county.  See id.  Thus, if the contract at
issue required Ramirez to make payment in Harris County, venue is permissive
under section 15.035.  

The “Billing and Payment” section of the contract
provides:  “Payment shall be due to Suez by check, electronic transfer
or any other mutually agreed upon payment method within seventeen (17) days
after receipt of the invoice.”  There is no requirement that payment be made
specifically in Harris County.  Suez Energy, however, interprets three sections
in the contract, sections 1.3, 2.1, and 4, to require payment in Harris County. 
Sections 1.3 and 2.1 provide in relevant part:

1.3  Billing and Payment:  Payment shall be due to Suez by
check, electronic transfer or any other mutually agreed upon payment method
within seventeen (17) days after receipt of the invoice.

2.1 Notices.  Notices, correspondence, and address changes
shall be in writing and delivered by regular or electronic mail, facsimile, or
. . . in person. . . . All notices shall be provided to the person and address
specified in Section 4 . . . .

Section 4 identifies Suez
Energy with a Houston, Harris County address.   According to Suez Energy, these
three sections—read together—require payment to be made in Harris County.  We
disagree.  The Billing and Payment section simply requires payment.  No place
of payment is identified and payment can be made by any mutually agreed upon
method, which means payment is not inherently tied to any particular location. 
See Tex. Civ. Prac. & Rem. Code Ann. § 15.035(a) (requiring that the
contract mandate performance of “an obligation in a particular county,
expressly naming the county or a definite place in that county”); see also
McCurdy v. King, 359 S.W.2d 255, 256–57 (Tex. Civ. App.—Eastland 1962, writ
dism’d w.o.j.) (finding reversible error in trial court’s venue determination
when “the obligation of appellant under the contract was to pay certain
specified expenses,” but “no particular place [was] named for the performance
of such obligation”).  

            Furthermore, the
notice section requires that notices, correspondences, and address
changes—not payment—be sent, by regular or electronic mail or facsimile, to
Suez Energy in Harris County.  The notice section does not require payment to
be made in Harris County, and in fact permits notice by electronic mail, which
can be received outside of Harris County.  Under our de novo review, we
conclude that Suez Energy has failed to meet its burden of establishing that
the contract requires payment in Harris County.  The four corners of the
contract do not require payment in Harris County, and there is no other
evidence in the record proving that Ramirez was required to send his payments
to Harris County.[5] 


Accordingly, we hold that the trial court erred in
denying Ramirez’s motion to transfer venue and refusing to transfer the case
from Harris County to Webb County.  We reverse the judgment of the trial court
and remand the case to the trial court to issue an order transferring this case
from Harris County to Webb County.

                                                                                                                                                                                                                                                

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Sullivan.

 









[1]
See Tex. Civ. Prac. & Rem. Code Ann. § 15.035(a) (Vernon 2002).





[2]
The lower court’s docket sheet indicates “Court will withhold ruling until D
submits supplemental affidavit regarding where payments were made (Houston or
elsewhere). No ruling made. No record.”





[3]
The trial court’s docket entry for June 9, 2009 reflects “Court still waiting
on evidence of where payments were actually mailed.” 





[4]
The court’s docket entry for June 16, 2007 states “Court will deny motion to
transfer venue as no evidence of a location for payments by defendant other
than Harris County was adduced by Defendant/movant.”  After the lower court’s
ruling, Ramirez filed a motion to reconsider his transfer motion, contending
that the trial court had erroneously placed the burden of proof regarding venue
on Ramirez and that the electricity agreement did not reflect that payments
were in fact sent to Houston, Harris County.  There is no ruling on this motion
in the record.  





[5]
We note that the trial court denied the motion because Ramirez failed to
produce evidence that payments were in fact sent to Harris County.  However,
the operative fact that must be present in this particular case for venue under
section 15.035(a) is that the contract required Ramirez to make payment
in Harris County.  See Tex. Civ. Prac. & Rem. Code Ann. §
15.035(a) (“[I]f a person has contracted in writing to perform an obligation in
a particular county, expressly naming the county or a definite place in that
county by that writing, suit on or by reason of the obligation may be brought
against him  . . . in that county . . . .”).