**Affirmed and Majority Opinion filed March 8, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00693-CV

**RICHARD DALE LIVINGSTON AND B&W CHIPPING, LLC, Appellants**

**V.**

**LINDA GREGUREK AND JENNIFER GRAY, INDIVIDUALLY, AS SURVIVING SPOUSE, ON BEHALF OF THE ESTATE OF ROBERT HAROLD GRAY, AND AS NEXT FRIEND AND PARENTAL GUARDIAN TO THE MINORS, H.G. AND R.G., Appellees**

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-27790**

## MAJORITY OPINION

In this interlocutory appeal, appellants Richard Dale Livingston and B & W Chipping, LLC complain of the trial court's denial of their motion to transfer venue from Harris County to Shelby County. We affirm.

BACKGROUND

Robert Harold Gray was driving an automobile westbound on US Highway 287 in Tyler County on April 7, 2021. That same day Livingston was driving a lumber truck for his employer, B & W Chipping, southbound on Farm Market Road 256. Appellees, Linda Gregurek and Jennifer Gray, individually, as surviving spouse, on behalf of the estate of Robert Harold Gray, and as next friend and parental guardian to the minors, H.G. and R.G., allege that Livingston disregarded the stop sign where FM 256 intersected Highway 287 and struck Robert's automobile, causing it to flip over several times before it came to rest in the ditch.

Robert was seriously injured by the collision and he was initially taken to Woodville Hospital. Appellees allege that Robert was subsequently life-flighted to Memorial Herman Hospital in the Texas Medical Center in Harris County due to the severity of his injuries. Robert died in Harris County on April 15, 2021 as a result of the injuries he received in the collision.

Robert's wife, appellee Jennifer Gray, filed suit in Harris County against appellants alleging negligence and gross negligence causes of action under the Texas Wrongful Death and Survival Statutes. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002 *et seq*; 71.021. Gray filed suit in her individual capacity, as Robert's surviving spouse, on behalf of Robert's estate, and finally as next friend and parental guardian of the couple's minor children. Appellee Gregurek was added as a plaintiff in an amended petition. Gregurek alleged that she was Robert's surviving mother. Appellees alleged that venue was proper in Harris County under section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the lawsuit occurred there. According to appellees, Harris County was the location where

Robert "suffered for nine days in the Memorial Hermann-TMC Shock Trauma Unit", where he died, and where his funeral service was held.

Appellants filed a motion to transfer venue because, in their view, Harris County was not a proper venue because a substantial part of the events or omissions underlying the lawsuit did not occur there, but instead occurred in Tyler County, the location of the actual collision. Appellants asked the trial court to transfer the case to Shelby County, the county where Livingston resided and the location of B & W Chipping's principal office. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(3) & (4) (providing that the county of a defendant's residence, or principal office, is a county of proper venue). Appellees filed a response in which they initially objected that appellants had presented nothing for the trial court to review because appellants did not "specifically deny any of the venue facts underlying" their lawsuit. *See* Tex. R. Civ. P. 87(3)(a) ("All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party."). Appellees then argued that Harris County was a proper venue under Section 15.002(a)(1) because it was the county where Robert lingered for days and eventually died as a result of the collision in Tyler County. Appellees attached affidavits from both Gray and Gregurek to their response.

After a non-evidentiary hearing, the trial court denied appellants' motion. This accelerated appeal followed.[1]

---

[1] We have jurisdiction over this accelerated interlocutory appeal despite Rule 87(6) of the Rules of Civil Procedure stating that "there shall be no interlocutory appeals from" a trial court's venue ruling because Section 15.003(b) of the Civil Practice and Remedies Code provides for an interlocutory appeal of venue rulings in cases, such as this one, involving multiple plaintiffs. *See UPS Ground Freight, Inc. v. Trotter*, 606 S.W.3d 781, 786 (Tex. App.—Tyler 2020, pet. denied) ("As to the availability of an interlocutory appeal in this case, because there are multiple plaintiffs, Section 15.003(b) controls, not Rule 87(6).").

ANALYSIS

Appellants raise a single issue on appeal challenging the trial court's denial of their motion to transfer venue. Within that single issue, appellants make multiple arguments. We address appellants' arguments together.

## I. Standard of review and applicable law

In Texas, the plaintiff has the right to choose venue in the first instance. *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018); *Moveforfree.com, Inc. v. David Hetrick, Inc.*, 288 S.W.3d 539, 541 (Tex. App.—Houston [14th Dist.] 2009, no pet.). If the defendant challenges the plaintiff's venue choice by specifically denying the plaintiff's venue allegations, the plaintiff must then present prima facie proof that venue is proper in the chosen county. *See* Tex. R. Civ. P. 87(2)(b), (3); *Moveforfree.com, Inc.*, 288 S.W.3d at 541. The trial court is to evaluate venue based on the pleadings and affidavits. *Moveforfree.com, Inc.*, 288 S.W.3d at 541. If, based on this information, the plaintiff has chosen a proper venue, the trial court must maintain venue in the plaintiff's chosen county unless a mandatory venue provision applies, or the defendant brings forth conclusive evidence that destroys the plaintiff's prima facie proof. *Id.* If the plaintiff fails to establish proper venue and the defendants proffered prima facie proof that their specified county is one of proper venue, then the trial court must transfer venue to the defendants' selected venue. *Honeywell Int'l, Inc. v. Davis*, No. 01-19-00013-CV, 2020 WL 4873562, at *5 (Tex. App.—Houston [1st Dist.] Aug. 20, 2020, no pet.) (mem. op.). Absent such circumstances, venue in any county other than the plaintiff's choice is improper as a matter of law. *Id.*

When reviewing venue, an appellate court conducts an independent review

of the entire record to determine whether any probative evidence supports the trial court's venue decision. *United Parcel Serv., Inc. v. Norris*, 635 S.W.3d 242, 245 (Tex. App.—Beaumont 2021, no pet.). We review the record in the light most favorable to the trial court's venue ruling, but we do not give deference to the trial court's application of the law. *Id.* Therefore, in any venue transfer analysis a reviewing court must first determine whether the plaintiff's venue choice was appropriate. *Moveforfree.com, Inc.*, 288 S.W.3d at 541. If so, the plaintiff's choice must be upheld on appeal, even if the venue suggested by the defendants would also have been appropriate if chosen by the plaintiff. *Id.* To make that determination, we must examine the plaintiff's claims. *Honeywell Int'l, Inc*, 2020 WL 4873562, at *6. A trial court's erroneous denial of a motion to transfer venue requires reversal without a harm analysis. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b); *Perryman*, 546 S.W.3d at 130.

Venue may be proper under general, mandatory, or permissive venue rules. *Perryman*, 546 S.W.3d at 130. The parties agree that there is no mandatory venue provision relevant to this appeal. Venue rules may designate multiple counties as proper. *Id.* Venue in wrongful death and survival actions is governed by the general venue rule found in section 15.002 of the Civil Practice and Remedies Code. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 620 (Tex. 2005). This section provides:

> Venue: General Rule
> (a)  Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:
> (1)  in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
> (2)  in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3)    in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4)    if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a). When, like here, there are multiple plaintiffs, each plaintiff must independently establish proper venue. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a). As mentioned above, appellees alleged that venue was proper in Harris County under Section 15.002(a)(1) because a substantial part of the events underlying their claims occurred there.

## II. Appellees independently established by prima facie proof that Harris County is a proper venue for their wrongful death and survival actions.

In the trial court, appellees argued that appellants essentially waived their motion to transfer because they did not specifically deny appellees' venue allegations as required by Rule 87 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 87(3) ("All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party."). Anticipating that same argument on appeal, appellants assert that they specifically denied appellees' venue allegations and thereby transferred the burden to appellees to come forward with prima facie proof to support their venue allegations. Appellants additionally argue that certain parts of the affidavits submitted by Gray and Gregurek in response to appellants' motion to transfer venue cannot be considered because they are conclusory. Finally, appellants make a legal argument that Harris County is not a proper venue because of the derivative nature of appellees' wrongful death and survival claims. In appellants' view, we should only consider where the alleged negligent acts or omissions resulting in the actual collision occurred, not where the decedent subsequently died as a result of the injuries he sustained in the collision.

6

If we accept this argument, then Harris County could not be a proper venue and the Harris County trial court would have reversibly erred by denying appellants' motion to transfer venue. Assuming without deciding that appellants adequately denied appellees' venue allegations, we conclude we need not reach appellants' conclusory objection argument because the undisputed facts in the record establish that Harris County was a proper venue for appellees' wrongful death and survival claims.

It is undisputed that Robert was seriously injured in the collision in Tyler County and that he was transported to a hospital in Harris County because of his injuries. It is also undisputed that Robert died from his injuries approximately eight days after the collision while still in the Harris County hospital. Based on this undisputed evidence, appellees assert Harris County was a proper venue for their claims because Robert's death and the pain and suffering he experienced in the Harris County hospital prior to his death constitute a substantial part of the events giving rise to their claims. *See Critical Path Resources, Inc. v. Cuevas*, 561 S.W.3d 523, 574 (Tex. App.—Houston [14th Dist.] 2018), *supplemented by* No. 14-16-00036-CV, 2018 WL 2106599 (Tex. App.—Houston [14th Dist.] 2018, pet. granted, judgment set aside, and remanded by agreement) ("Pain and suffering may be inferred or presumed as a consequence of severe injuries."). Appellants respond that these events are insufficient as a matter of law to qualify as a substantial part of the events giving rise to the appellees' claims. Appellants then insist that only Tyler County, the location of the collision, would qualify as a proper venue under Section 15.002(a)(1).

Wrongful death and survival claims are legally distinct causes of action. *Haver v. Coats*, 607 S.W.3d 359, 392 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Wrongful death claimants sue to recover their own damages resulting from

the decedent's wrongful death. *Mayer v. Willowbrook Plaza, Ltd.*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Survival action claimants on the other hand, seek recovery for the personal injuries, pain and suffering, mental anguish, and other damages the decedent sustained before his death. *Id.*; *Cortez v. HCCI-San Antonio, Inc.*, 131 S.W.3d 113, 119 (Tex. App.—San Antonio 2004), *aff'd*, 159 S.W.3d 87 (Tex. 2005).

Despite that legally distinct identity, one thing must occur before either a wrongful death or survival action plaintiff may file suit, a person must die. *See Kramer v. Lewisville Mem. Hosp.*, 858 S.W.2d 397, 403 n.5 (Tex. 1993) ("In short, the true harm to Ms. Kramer remains her death. Accordingly, her statutory beneficiaries are relegated to seeking recovery under the Wrongful Death Act and Survivorship Statute."). Wrongful death causes of action do not accrue until the injured person dies. *See Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 348 (Tex. 1992) ("If a wrongful death action exists, it accrues not when the decedent was injured, but at his death . . . .); *Velasco v. Texas Kenworth Co.*, 144 S.W.3d 632, 634 (Tex. App.—Dallas 2004, pet. denied) ("Appellant's wrongful death claim arose when his wife died in the accident in Johnson County."); *Ray v. Farris*, 887 S.W.2d 164, 166 (Tex. App.—Texarkana 1994) ("Until an injured person dies, all of the cause of action for wrongful death has not accrued. Thus, a part of the cause of action accrues at the time of death."), *rev'd on other grounds*, 895 S.W.2d 351 (Tex. 1995). A survival action does not create a new cause of action; it instead permits the decedent's cause of action to survive death. *Kramer*, 858 S.W.2d at 404. "The actionable wrong [in a survival action] is that which the decedent suffered before his death." *Russell*, 841 S.W.2d at 345. We conclude that Harris County, the county where Robert lingered for days after the Tyler County collision, the location where he allegedly sustained pain and suffering and mental

8

anguish damages, and the place where he ultimately died, is a county where a substantial part of the events or omissions giving rise to the claims occurred and is therefore a proper venue for appellees' claims. We overrule appellants' issue on appeal.

## CONCLUSION

Having addressed and overruled all arguments appellants raised in this interlocutory appeal, we affirm the trial court's order denying appellants' motion to transfer venue.

/s/     Jerry Zimmerer
Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan (Hassan, J., concurring without opinion).

9