

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00446-CV

Kenton E. **MCDONALD**,
Appellant

v.

Santos **VARGAS** and Davis & Santos, PLLC,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2025-CI-10394
Honorable Tina Torres, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice

Sitting:        Irene Rios, Justice
                Lori Massey Brissette, Justice
                H. Todd McCray, Justice

Delivered and Filed: June 17, 2026

REVERSED AND REMANDED

In this lawsuit, Appellant Kenton E. McDonald—a trustee of the JoAnn Turrentine Revocable Living Trust—sued appellees Santos Vargas and Davis & Santos, PLLC (collectively "D&S")—legal counsel to the predecessor trustee, Frost Bank—in connection with D&S's actions while representing Frost. McDonald appeals orders granting D&S's motions to: (1) transfer venue, (2) dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure, and (3) dismiss pursuant to the Texas Citizens Participation Act. McDonald also appeals the trial court's award to D&S of

attorney's fees. Based on the law and the record, we conclude the Nueces County court erred by granting the motion to transfer venue. Accordingly, we reverse that order, vacate all subsequent orders, and remand to the trial court in Bexar County with instructions to return the case to Nueces County.

## BACKGROUND

Frost Bank was appointed trustee in 2018. Following its appointment, the beneficiaries requested it file suit against its immediate predecessor trustee, Raymond James Trust Company, for failure to provide an accounting and breach of its fiduciary duty. Frost declined to file suit. The beneficiaries thereafter sued Raymond James for failure to provide an accounting and breach of fiduciary duty (the "Raymond James Lawsuit"). The beneficiaries also asserted an accounting claim against Frost. In September 2020, D&S—on behalf of Frost—gave 30-days' notice of Frost's intent to resign as trustee. The following month, McDonald notified Vargas that the beneficiaries had agreed to a modification of the Trust to permit McDonald to serve as trustee.[1] Frost refused to accept McDonald without a modification of the Trust and, in December 2020, asked the county court in Nueces County to modify the Trust to permit McDonald to serve, to grant Frost Bank a discharge and release it from liability for its actions, and to approve D&S's legal fees paid to it from the Trust. Thereafter, the county court ordered Frost Bank and the beneficiaries to identify a successor trustee in order to allow Frost to resign. Eventually, the parties selected McDonald again, and the trial court thereafter issued an order finding Frost resigned and confirming McDonald as the new trustee.

McDonald then filed suit in Nueces County against D&S. Shortly thereafter, D&S moved to transfer venue from Nueces County to Bexar County, arguing Vargas performed all legal

---

[1] The Trust required a modification because the Trust had required a corporate trustee.

services from Bexar County. The trial court granted the motion, transferring the cause to Bexar County.[2] In Bexar County, D&S moved to dismiss under Rule 91a and the Texas Citizens Participation Act, arguing the claims should be dismissed based on its affirmative defense of attorney immunity and because McDonald could not establish a prima facie case for each element of his claims. The Bexar County district court granted D&S's motions, dismissing McDonald's claims. One month later, it amended its orders, on D&S's motion, to award D&S $28,478.55 in attorney's fees. All of those orders are the subject of this appeal.

## MOTION TO TRANSFER VENUE

### A. Facts

In his Original Petition, McDonald sued D&S for breach of fiduciary duty, fraud including fraud by nondisclosure, negligent misrepresentation, and conversion alleging:

- D&S breached its fiduciary duties to the beneficiaries by failing to timely pursue known claims against Raymond James.

- D&S breached its fiduciary duties to the beneficiaries when it advised Frost Bank to refuse to accept McDonald as trustee, despite the beneficiaries seeking his appointment, and advised it to request that the court modify the trust to approve its discharge and release from liability as trustee and for the appointment of McDonald as trustee, as well as for its attorney's fees in the Raymond James Suit.[3]

- D&S misrepresented to the beneficiaries that it would represent the Trust and act in their best interest as well as the best interest of the Trust. Instead, it consistently took adverse positions to the Trust and beneficiaries.

- D&S wasted and converted trust assets by billing and accepting over $250,000.00 in attorney's fees to take positions advantageous only to Frost and adverse to the beneficiaries.

- Frost Bank, D&S's client, had a conflict of interest with the beneficiaries, and D&S failed to disclose it.

---

[2] The order was not appealable as an interlocutory order. *See* TEX. R. CIV. P. 87(6).

[3] McDonald does not specify the court in its petition.

McDonald alleged venue was proper in Nueces County, Texas, under Texas Civil Practice and Remedies Code §15.002(a)(1) because all or a substantial part of those events or omissions giving rise to the claims occurred in Nueces County, Texas. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

D&S moved to transfer venue, alleging Nueces County was not a proper venue under the general venue statute because none of the alleged acts or omissions giving rise to McDonald's claims against D&S occurred there; they all occurred in Bexar County.[4] Specifically, D&S contended it performed all of its legal services for Frost and sent all of its invoices to Frost from Bexar County.

In opposition, McDonald supported his venue allegation that all or a substantial part of the events giving rise to its claims occurred in Nueces County by presenting the following prima facie proof in his affidavit:

- Frost Bank of Corpus Christi, the former Trustee (along with the trust officers working on the trust), and McDonald, the current trustee, are in Nueces County.

- The trust corpus, and the fees paid to D&S from it, was in Frost Bank in Corpus Christi.

- Frost Bank, through its officers in Nueces County and D&S, refused to file suit against Raymond James in Nueces County.

- Frost Bank, through D&S, provided the beneficiaries with notice, in Nueces County, of its intent to resign as trustee and requested that the beneficiaries secure a successor.

- All attempts by the beneficiaries to get Frost Bank to relinquish its release demand (for failure to sue Raymond James), and all negotiations with D&S to find a substitute trustee took place from McDonald's phone/office in Nueces County.

- D&S sought court approval in Cause No. 2021CCV-61547-3; *Glenn v. Frost Bank*, in the County Court at Law No. 3 of Nueces County for payment of fees from the trust.

- All court hearings, including hearings appeared at by Vargas, in the lawsuit against Frost Bank—*Glenn v. Frost Bank*—took place in Nueces County.

- Vargas and D&S made multiple appearances before the Court in the underlying lawsuit in Nueces County and filed numerous documents in that case, as shown by the Court's docket.

---

[4] D&S also sought transfer on the basis of 15.002(a)(3), but it has abandoned that contention in this court. Accordingly, we do not address it. *See* TEX. R. APP. P. 47.1.

After a hearing, the trial court granted the motion to transfer venue.

## B. Analysis

McDonald argues the trial court erred in granting the motion because venue is proper in Nueces County. Specifically, he contends a substantial part of the events or omissions giving rise to the claims occurred in Nueces County and that he, as plaintiff, has the first choice to fix venue in a proper county. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). D&S contends its evidence supports the trial court's transfer order, especially where legal services are involved, because courts consider where all or a substantial part of the legal work was performed and where payments were made.

### 1. Law and Standard of Review

Venue may be proper in one or more counties based on general, mandatory, or permissive venue rules. *See* TEX. CIV. PRAC. & REM. CODE § 15.001(b); *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018); *Fortenberry v. Great Divide Ins. Co.*, 664 S.W.3d 807, 811 (Tex. 2023). The plaintiff has the first choice to fix venue in a proper county. *Fortenberry*, 664 S.W.3d at 811; *Perryman*, 546 S.W.3d at 130. A defendant may challenge a plaintiff's choice of venue through a motion to transfer venue. In challenging venue, the defendant must challenge plaintiff's properly pleaded venue facts, which will be otherwise taken as true. *See* TEX. R. CIV. P. 87(3)(a). If the defendant challenges venue and denies the properly pleaded venue facts, the plaintiff then bears the burden to demonstrate, by prima facie proof, its cause of action, *or a part of such cause of action*, accrued in the original county of suit. TEX. R. CIV. P. 87(2)–(3); *Fortenberry*, 664 S.W.3d at 811.[5]

---

[5] "Prima facie proof" of "venue facts" is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to it, specifically set forth the facts supporting venue. TEX. R. CIV. P. 87(3)(a); *Sazy v. J.R. Birdwell Constr. & Restoration, LLC*, No. 05-19-01351-CV, 2021 WL 1220122, at *3 (Tex. App.—Dallas Apr. 1, 2021, pet. denied) (mem. op.).

Here, both parties agree that no mandatory venue statute applies, and venue turned on the general venue provision set forth in section 15.002(a)(1): "all lawsuits shall be brought . . . in the county in which all or a substantial part of the events or omissions giving rise to the claim[s] occurred."[6] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). Under this venue provision, the trial court does not engage in a determination of which county is "more proper"—or which county was more substantially involved in the events or omissions. Instead, venue may be proper in Nueces County even if a substantial part of the events or omissions giving rise to the claim also occurred in Bexar County. *See id.*; *see Unauthorized Practice of Law Comm. v. Nationwide Mut. Ins. Co.*, 155 S.W.3d 590, 597 (Tex. App.—San Antonio 2004, pet. denied) (providing court not obligated to determine "best" venue for cause of action; rather, court need determine only whether substantial part of events or omissions giving rise to claim occurred in chosen venue).

But, we are tasked with determining whether the record demonstrates that Nueces County had a substantial connection to the lawsuit. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1); *Greystar Student Hous. Growth & Income Fund OP, LFP v. Nova*, No. 05-24-00532-CV, 2024 WL 3897470, at *8 (Tex. App.—Dallas Aug. 22, 2024, no pet.) (mem. op.) (stating same); *see also Highland Capital Mgmt., L.P. v. Ryder Scott Co.*, 212 S.W.3d 522, 534 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). *See generally Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 681 (Tex. App.—Austin 2003, no pet.) (providing 1995 amendment to statute—which had permitted suit where any part of cause of action accrued, no matter how unimportant

---

[6] D&S had the burden in the trial court to prove venue was proper in Bexar County. *See* TEX. R. CIV. P. 87(2)(a), (3)(a). But if a mandatory venue provision applies placing venue in the original county of suit, Nueces County, D&S could not satisfy its burden to show venue was improper in Nueces County. *See* TEX. R. CIV. P. 87(2)(a), (3)(c). Here, there may be a question of whether a mandatory venue provision set forth in the Texas Trust Code applies. *See* TEX. PROP. CODE § 115.001–02(a). However, McDonald failed to raise the mandatory venue provision in his briefing, and he affirmatively declined our invitation to address it during oral argument—limiting his point of error on venue to the application of the general venue statute under Section 15.002(a). Accordingly, we do not address whether the mandatory venue provision from the Texas Trust Code applies. *See* TEX. R. APP. P. 38.1(f), (i); 47.1.

connection might be—narrowed number of counties in which venue could be maintained to those with "substantial connection" to suit). In order to determine whether a county has a substantial connection to a lawsuit, courts have often examined the essential elements of a claim. *See, e.g., Honeywell Int'l, Inc. v. Davis*, No. 01-19-00013-CV, 2020 WL 4873562, at \*6 (Tex. App.—Houston [1st Dist.] Aug. 20, 2020, no pet.) (mem. op.); *Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 348 (Tex. App.—San Antonio 2007, pet. denied); *Chiriboga*, 96 S.W.3d at 680.

If a claimant has adequately pleaded and made prima facie proof that venue is proper in the county of suit pursuant to Section 15.002(a)(1), then the lawsuit shall not be transferred unless (1) the motion to transfer is based on the grounds that an impartial trial cannot be had, (2) a mandatory venue provision applies, or (3) the movant brings forth evidence that "destroys" the prima facie proof. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993); *see* TEX. R. CIV. P. 87(3)(c). In other words, if a plaintiff chooses a proper venue, then with the exceptions noted above, *no other county* may be a proper venue in that case as a matter of law. *Perryman*, 546 S.W.3d at 133; *see, e.g.*, *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex. 1994) (stating same). Affirming a trial court's granting of a motion to transfer venue if the original county was a proper venue would "eviscerate" the rule. *Highland Capital Mgmt.*, 212 S.W.3d at 535; *see, also Moveforfree.com, Inc. v. David Hetrick, Inc.*, 288 S.W.3d 539, 542 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In *Moveforfree.com*, the court rejected the appellee's argument that courts of appeal are to review the record for any probative evidence to support the trial court's venue decision. 288 S.W.3d at 542. And we agree. Instead, the proper standard of review on appeal is to review the entire record and determine whether there is any probative evidence that venue would have been

proper in the venue selected by plaintiff, even if the evidence preponderates to the contrary.[7] Tex. Civ. Prac. & Rem. Code § 15.064(b); *Highland Capital Mgmt.*, 212 S.W.3d at 534; *Moveforfree.com*, 288 S.W.3d at 541; *Unauthorized Practice of Law Comm.*, 155 S.W.3d at 597 (same); *see also Wilson*, 886 S.W.2d at 262 (providing standard strikes balance between competing interests of preserving plaintiff's right to select and maintain suit in proper venue and protecting defendant from fraud or inaccuracy at pleading stage). Therefore, if there is any basis to say McDonald's choice of Nueces County was proper, that is the end of the inquiry. *See Perryman*, 546 S.W.3d at 133; *Wilson*, 886 S.W.2d at 261; *Moveforfree.com*, 288 S.W.3d at 541.

### 2. Application

Here, D&S moved to transfer and denied McDonald's lone properly pleaded venue fact that all or a substantial part of the events giving rise to the claims occurred in Nueces County. *See* Tex. R. Civ. P. 87(2)(b), (3)(a). As a result, McDonald was required to demonstrate, by prima facie proof, his claims as established by the pleadings, or a part of his claims, accrued in Nueces County. Tex. R. Civ. P. 87(2)(b), (3)(a).

McDonald sued D&S for breach of fiduciary duty, fraud, negligent misrepresentation, and conversion. The essential elements of McDonald's claims are the fiduciary duty, the breach thereof, the misrepresentations, and the conversion of trust assets.[8] At its core, McDonald's

---

[7] By contrast, a trial court must make its venue determination based on the facts—set forth in the pleadings and affidavits—existing at the time the cause of action that is the basis of the suit accrued. Tex. Civ. Prac. & Rem. Code § 15.064(a); *Fortenberry*, 664 S.W.3d at 811.

[8] The elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) breach of it; (3) causation; and (4) damages. *See, e.g.*, *Hamilton as Tr. of Joan Carol DeYoung-Burland Tr. v. Maynard*, No. 01-19-00925-CV, 2020 WL 6787514, at *3 (Tex. App.—Houston [1st Dist.] Nov. 19, 2020, no pet.) (mem. op.).

For fraud, a plaintiff must show: (1) a defendant made a material misrepresentation; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon it; and (4) the plaintiff actually and justifiably relied upon it and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018).

The elements of fraud by nondisclosure are: (1) a defendant failed to disclose material facts to a plaintiff, (2) the defendant had a duty to disclose those material facts, (3) the defendant knew the plaintiff was ignorant of the

allegations, as supported by prima facie proof, demonstrated those essential elements based on the

following events or omissions:

- D&S advised Frost Bank of Corpus Christi in Nueces County to decline the pursuit of claims against the predecessor trustee, Raymond James, breaching its fiduciary duty to the beneficiaries and the Trust located in Nueces County.

- D&S advised its client, Frost, to refuse to accept McDonald as trustee without a judicial modification of the trust, and prolonged Frost's appointment, breaching its fiduciary duty to the beneficiaries and the Trust in Nueces County.

- D&S litigated that issue on behalf of Frost before the county court in Nueces County.

- D&S depleted trust assets, with the corpus of the trust located in Nueces County, through attorney's fees for its work on behalf of Frost, sending invoices to Nueces County and securing payment from the Trust in Nueces County.

- D&S did all of this despite its alleged misrepresentations to the beneficiaries in Nueces County that it would act in their best interest, as well as the best interest of the Trust.

That Frost, the beneficiaries, McDonald, and the lawsuits at issue are in Nueces County is

undisputed.[9] In other words, each event and omission that forms the core of McDonald's claims,

whether taken from Bexar County or Nueces County, were largely directed at the former trustee,

---

material facts and the plaintiff did not have an equal opportunity to discover them, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the material facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge. *In Interest of C. M. V.*, 479 S.W.3d 352, 361–62 (Tex. App.—El Paso 2015, no pet.).

A claim for negligent misrepresentation requires a plaintiff to show that: (1) a defendant makes a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of plaintiff in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Berry v. Encore Bank*, No. 01-14-00246-CV, 2015 WL 3485970, at *9–10 (Tex. App.—Houston [1st Dist.] June 2, 2015, pet. denied) (mem. op.).

Finally, the elements of a claim for conversion are: (1) a plaintiff owns or possesses property or is entitled to possess it; (2) a defendant unlawfully assumes and exercises control over the property to the exclusion of, or inconsistent with, the plaintiff's rights; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return it. *Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 684–85 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

McDonald also sued D&S for misapplication of fiduciary property. However, misapplication of fiduciary property is a crime, not a cause of action. *See* TEX. PEN. CODE § 32.45.

[9] D&S disputes whether the corpus of the trust is in Nueces County, contending that the Trust agreement provides its "administration" is in Dallas County. But there is no dispute that McDonald and Frost Bank of Corpus Christi administered it from Nueces County.

McDonald, the beneficiaries, or lawsuits in Nueces County. Accordingly, Nueces County clearly has a substantial connection to the lawsuit, and a substantial part of the events or omissions giving rise to McDonald's claims occurred there. *See Honeywell Int'l, Inc.*, 2020 WL 4873562, at \*6; *Chiriboga*, 96 S.W.3d at 682 (providing when determining whether particular event was substantial part of claim, courts must look to nature of dispute and whether forum has *real* relationship to dispute); *see also Pellegrini v. Six Pines Expl., LLC*, No. 03-18-00774-CV, 2019 WL 6223348, at \*3 (Tex. App.—Austin Nov. 22, 2019, no pet.) (mem. op.) (concluding appellees alleged and provided declarations to establish substantial part of events and omissions giving rise to essential elements of fraud claim common to all appellees occurred in Travis County where parties seeking to transfer venue attended meeting in Travis and purportedly made certain misrepresentations); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 197–98 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (providing evidence sufficient to establish prima facie case that venue was proper in Nueces County where, among other things, some work done in county and much of third-party expenses involved with litigating case paid out of Nueces County office); *Siemens Corp. v. Bartek*, No. 03-04-00613-CV, 2006 WL 1126219, at \*7 (Tex. App.—Austin Apr. 28, 2006, no pet.) (mem. op.) (finding venue proper where party received misrepresentations there via calls and letters). *See generally Tex. Specialty Trailers, Inc. v. Jackson & Simmen Drilling Co.*, No. 2-07-228-CV, 2009 WL 2462530, at \*5–6 (Tex. App.—Fort Worth Aug. 13, 2009, pet. denied) (mem. op.) (explaining Texas courts have held receipt of telephone calls and letters in particular county are facts that weigh in favor of finding venue to be appropriate in that county).[10]

---

[10] D&S argues that *Nalle Plastics* supports its contention that Bexar County is the proper venue. 406 S.W.3d 186, 198 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied). Although Bexar County may be *a* proper venue, it does not mean Nueces County is *not* a proper venue. And if the original county of venue is proper, no other county may be proper venue. *See Perryman*, 546 S.W.3d at 130; *Wilson*, 886 S.W.2d at 260; *Moveforfree.com, Inc.*, 288 S.W.3d at

At no point in opposition to the above did D&S identify any mandatory venue or otherwise present evidence that destroyed McDonald's prima facie proof. *See* TEX. R. CIV. P. 87(3)(c); *Ruiz*, 868 S.W.2d at 757. Nueces County, not Bexar County, was therefore a county of proper venue. *See Perryman*, 546 S.W.3d at 133; *Wilson*, 886 S.W.2d at 261–62.

Because we hold the record contains probative evidence supporting McDonald's choice of venue, the trial court's order granting the motion to transfer venue constitutes reversible error. TEX. CIV. PRAC. & REM. CODE § 15.064(b); *Wilson*, 886 S.W.2d at 261; *Moveforfree.com*, 288 S.W.3d at 541.

## CONCLUSION

Accordingly, we reverse the Nueces County court's venue ruling, vacate the Bexar County district court's orders of dismissal and for attorney's fees, and remand the case to the Bexar County district court with instructions to order the district clerk of Bexar County to transfer the cause back to County Court at Law No. 1 in Nueces County for further proceedings.[11] *See Pimentel v. Maverick Maint. & Supply, LLC*, No. 04-24-00792-CV, 2026 WL 517512, at *3 (Tex. App.—San Antonio Feb. 25, 2026, no pet.) (mem. op.); *Tex. Ethics Comm'n v. Sullivan*, No. 02-15-00103-CV, 2015 WL 6759306, at *9 (Tex. App.—Fort Worth Nov. 5, 2015, pet. denied) (mem. op.); *Moriarty v. Williams*, 752 S.W.2d 610, 612 (Tex. App.—El Paso 1988, writ denied).

Lori Massey Brissette, Justice

---

542. *Nalle Plastics* is also distinguishable. There, unlike here, the trial court *denied* the motion to transfer venue. *Id.* at 194. Moreover, the court there was tasked with determining whether venue was proper in a case involving multiple plaintiffs under Section 15.003. *See* TEX. CIV. PRAC. & REM. CODE § 15.003.

[11] We express no opinion as to the merits of D&S's Rule 91a and TCPA motions. *See* TEX. R. APP. P. 47.1.